665 S.E.2d 201

**STATE of South Carolina, Respondent,**

v.

**Lance LYLES, Appellant.**

**No. 4406.**

Court of Appeals of South Carolina.

Heard June 3, 2008.
Decided June 6, 2008.
Rehearing Denied Aug. 25, 2008.

Tara Dawn Shurling, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka, all of Columbia; and Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent.

ANDERSON, J.

Lance Lyles (Lyles) appeals his convictions for murder, attempted first degree burglary, attempted armed robbery, and possession of a pistol by a person under the age of twenty-one. Lyles contends that the circuit court erred by excluding the proffered testimony of two defense witnesses because the exclusion constituted an abuse of discretion by denying Lyles his due process right to present witnesses in his own defense. We affirm.

## *FACTUAL/PROCEDURAL BACKGROUND*

On December 8, 2004, two men approached the apartment of Clarence Spicer (Spicer) in Spartanburg, South Carolina. At the time, Spicer, known as "See" or "C.", and the victim, Tavaris Howze (Howze), were the only people inside the apartment. Spicer recounted the events:

[T]wo guys came up to my door, one of them with a mask and a gun and the other with a hood covering his face. I opened the door and saw that. One of the guys tried to step in. I stopped him on his way in. The other guy came from the side with a gun and a mask on, and I started trying to close the door. And while I was closing the door one of them shot inside of my house, and that's when [Howze] was shot.

Spicer called 911 and waited for the authorities. Upon their arrival, police officers discovered Howze's body in the apartment with a gunshot wound to the head. Howze died from his injuries.

At the time of the shooting, Spicer did not recognize either of the men. However, he later recalled the identity of the individual in the hood as Lance Lyles because Lyles had visited Spicer's apartment several weeks beforehand. Spicer relayed Lyles' identity to the police and an arrest warrant was issued. Police officers then approached Lyles and a chase ensued. He was subsequently apprehended and arrested. Spicer was able to identify Lyles as one of the assailants from a photographic lineup and again at trial. Following the arrest, police searched Lyles' residence and discovered multiple rounds of ammunition in various sizes, several shell casings, and a jacket containing a ski mask.

Several days after Lyles' arrest, Joshua Jeter (Jeter) was arrested as Lyles' accomplice to the crimes. Jeter indicated he and Lyles had been outside of Spicer's apartment on the night of the incident and Jeter was wearing a ski mask. However, Jeter did not admit he was carrying a firearm at the scene until making another statement almost a year after his arrest. In the latter statement, Jeter conceded he carried a pistol to the apartment but claimed it was a different caliber than the weapon that killed Howze.

Both Lyles and Jeter were indicted for several offenses including murder, burglary in the first degree, armed robbery, and unlawful possession of a pistol by a person under the age of twenty-one. At trial, both individuals testified in their own defense. Lyles and Jeter gave conflicting accounts of the incident with each inculpating the other as the shooter. However, each corroborated they had originally gone to the apart-

ment to purchase drugs from Spicer and had no intention of robbing him.

Both men were convicted of murder, attempted burglary in the first degree, attempted armed robbery, and unlawful possession of a pistol by a person under the age of twenty-one. Lyles was sentenced to life for murder and other consecutive sentences for the lesser offenses.

## ISSUE

Did trial judge err in excluding testimony as unfairly prejudicial and irrelevant when the proffered statements went to establishing (1) drugs were previously sold from the apartment where the incident occurred and (2) drugs were present in the apartment at the time of the incident?

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Preslar,* 364 S.C. 466, 472, 613 S.E.2d 381, 384 (Ct.App.2005) (citing *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001); *State v. Wood,* 362 S.C. 520, 525, 608 S.E.2d 435, 438 (Ct.App.2004)); *State v. Landis,* 362 S.C. 97, 101, 606 S.E.2d 503, 505 (Ct.App.2004); *State v. Abdullah,* 357 S.C. 344, 349, 592 S.E.2d 344, 347 (Ct.App.2004). "This court is bound by the trial court's factual findings unless they are clearly erroneous." *Preslar,* 364 S.C. at 472, 613 S.E.2d at 384; *accord State v. Baccus,* 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) (citing *State v. Quattlebaum,* 338 S.C. 441, 442, 527 S.E.2d 105, 111 (2000)). The appellate court does not re-evaluate the facts based on its own view of the evidence but simply determines whether the trial judge's ruling is supported by any evidence. *State v. White,* 372 S.C. 364, 372, 642 S.E.2d 607, 611 (Ct.App.2007) (citing Wilson, 345 S.C. at 6, 545 S.E.2d at 829; *State v. Mattison,* 352 S.C. 577, 583, 575 S.E.2d 852, 855 (Ct.App.2003)); *Preslar,* 364 S.C. at 472, 613 S.E.2d at 384.

"The admission or exclusion of evidence is left to the sound discretion of the trial judge, whose decision will not be reversed on appeal absent an abuse of discretion." *State v. Saltz,* 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001); *accord State v. Pagan,* 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006);

*State v. Gaster,* 349 S.C. 545, 557, 564 S.E.2d 87, 93 (2002); *State v. McDonald,* 343 S.C. 319, 325, 540 S.E.2d 464, 467 (2000); *State v. Tucker,* 319 S.C. 425, 428, 462 S.E.2d 263, 265 (1995) (citing *State v. Bailey,* 276 S.C. 32, 37, 274 S.E.2d 913, 916 (1981)); *Wright v. Craft,* 372 S.C. 1, 33, 640 S.E.2d 486, 503 (Ct.App.2006); *State v. Funderburk,* 367 S.C. 236, 239, 625 S.E.2d 248, 249–250 (Ct.App.2006); *State v. Broaddus,* 361 S.C. 534, 539, 605 S.E.2d 579, 582 (Ct.App.2004). "A court's ruling on the admissibility of evidence will not be reversed by this Court absent an abuse of discretion or the commission of legal error which results in prejudice to the defendant." *State v. Hamilton,* 344 S.C. 344, 353, 543 S.E.2d 586, 591 (Ct.App. 2001), *overruled on other grounds by State v. Gentry,* 363 S.C. 93, 610 S.E.2d 494 (2005); *accord Preslar,* 364 S.C. at 472, 613 S.E.2d at 384; *State v. McLeod,* 362 S.C. 73, 79, 606 S.E.2d 215, 218–219 (Ct.App.2004); *State v. Mansfield,* 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct.App.2000); *State v. Blassingame,* 338 S.C. 240, 251, 525 S.E.2d 535, 541 (Ct.App.1999); *State v. Patterson,* 337 S.C. 215, 228, 522 S.E.2d 845, 851 (Ct.App. 1999); *see State v. Jones,* 343 S.C. 562, 572, 541 S.E.2d 813, 818 (2001) ("The trial judge's decision to admit or exclude the evidence is reviewed on appeal under an abuse of discretion standard."); *State v. Taylor,* 333 S.C. 159, 172, 508 S.E.2d 870, 876 (1998) ("[I]n order for this Court to reverse a case based on the erroneous admission or exclusion of evidence, prejudice must be shown."). "An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support." *State v. Irick,* 344 S.C. 460, 463, 545 S.E.2d 282, 284 (2001) (citing *Lee v. Suess,* 318 S.C. 283, 285, 457 S.E.2d 344, 346 (1995)); *accord State v. Edwards,* 374 S.C. 543, 553, 649 S.E.2d 112, 117 (Ct.App.2007); *State v. Sweet,* 374 S.C. 1, 5, 647 S.E.2d 202, 204–205 (2007); *State v. Douglas,* 367 S.C. 498, 507, 626 S.E.2d 59, 64 (Ct.App.2006); *State v. Adkins,* 353 S.C. 312, 326, 577 S.E.2d 460, 468 (Ct.App.2003).

■ "To show prejudice, there must be a reasonable probability that the jury's verdict was influenced by the challenged evidence or the lack thereof." *White,* 372 S.C. at 374, 642 S.E.2d at 611 (citing *Fields v. Regional Med. Ctr. Orangeburg,* 363 S.C. 19, 26, 609 S.E.2d 506, 509 (2005)); *accord Vaught v. A.O. Hardee & Sons, Inc.,* 366 S.C. 475, 480, 623 S.E.2d 373, 375 (2005). "Error is harmless when it 'could not reasonably

have affected the result of the trial.'" *State v. Mitchell,* 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) (quoting *State v. Key,* 256 S.C. 90, 93, 180 S.E.2d 888, 890 (1971)); *accord State v. Sherard,* 303 S.C. 172, 175, 399 S.E.2d 595, 596 (1991); *Broaddus,* 361 S.C. at 542, 605 S.E.2d at 583; *State v. Adams,* 354 S.C. 361, 380, 580 S.E.2d 785, 795 (Ct.App.2003); *see also Chapman v. California,* 386 U.S. 18, 22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) ("[S]ome constitutional errors which in the setting of a particular case are so unimportant and insignificant that they may, consistent with the Federal Constitution, be deemed harmless, not requiring the automatic reversal of the conviction."); *State v. Rice,* 375 S.C. 302, 316, 652 S.E.2d 409, 415 (Ct.App.2007) ("The commission of legal error is harmless if it does not result in prejudice to the defendant."); *Visual Graphics Leasing Corp., Inc. v. Lucia,* 311 S.C. 484, 489, 429 S.E.2d 839, 841 (Ct.App.1993) ("An error is not reversible unless it is material and prejudicial to the substantial rights of the appellant."). "When guilt has been conclusively proven by competent evidence such that no other rational conclusion can be reached, [an appellate] court should not set aside a conviction because of errors not affecting the results." *Broaddus,* 361 S.C. at 542, 605 S.E.2d at 583 (citing *Hill v. State,* 350 S.C. 465, 472, 567 S.E.2d 847, 851 (2002)).

## *LAW/ANALYSIS*

Lyles avers the exclusion of testimony regarding prior drug sale solicitations at the apartment where the shooting occurred and the presence of drugs next to the victim constituted an abuse of discretion by the trial judge and was a denial of his due process rights. We disagree.

### A. How the Issue was Raised

At the nascency of trial, the State anticipated the attorneys for both Lyles and Jeter were planning to address alleged drug use at Spicer's apartment. In response, the State made a motion *in limine* for the court to exclude any comments regarding drug use or the existence of drugs at the apartment and to preclude any questions related to this subject matter. The trial judge agreed to limit opening statements by barring any reference to drug use or presence. Additionally, the

judge required the defense to establish the relevancy of any drug evidence before the topic could be introduced at trial.

At the outset of the defense's case, Jeter and Lyles proffered the testimony of an individual (Neighbor) who lived in the apartment next door to Spicer at and before the time of the incident. Outside the presence of the jury, Neighbor testified an individual called C.C. attempted to sell drugs to him and a friend as they approached Neighbor's apartment. This solicitation occurred several months preceding the shooting. Neighbor further stated C.C. stayed in the apartment rented by Spicer but did not know if C.C. lived there. Neighbor failed to identify Spicer as C.C. when asked if C.C. was present in the courtroom.

The State objected and the trial judge conducted an inquiry to determine the relevance of the testimony. Defense counsel for Jeter argued the testimony established drugs were being sold out of Spicer's apartment and bolstered the credibility of Lyles and Jeter by supporting their claim they went to the apartment to purchase drugs. The trial judge excluded the testimony after making the following determination:

> Well, I think I understand the purpose for which it is offered, but I find that it's not—it is certainly prejudicial as to the state. And whatever probative value might result is clearly outweighed by that prejudicial effect, not to mention the fact that I don't find it to be relevant in any fashion in this case.

Later in the defense's case, Lyles and Jeter attempted to introduce an expert who planned to testify that a partially-smoked cigarette found in the apartment contained marijuana. The State objected. The trial judge sustained the objection after determining the evidence was irrelevant because no drugs other than the partially-smoked cigarette were found at the scene.

## B. Relevancy of Evidence

Lyles maintains the exclusion of the testimony was an abuse of discretion. We disagree.

The South Carolina Rules of Evidence offer guidance on the admissibility of proffered testimony. *Hamilton*, 344 S.C. at 357, 543 S.E.2d at 593. " 'Relevant evidence' means evidence

having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401, SCRE. "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, the Constitution of the State of South Carolina, statutes, [the rules of evidence], or by other rules promulgated by the Supreme Court of South Carolina." Rule 402, SCRE. "Evidence which is not relevant is not admissible." *Id.* "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403, SCRE. "Rules 401 and 403, SCRE, are identical to their federal counterparts and consistent with South Carolina common law." *Hamilton,* 344 S.C. at 357, 543 S.E.2d at 593 (citing Rules 401 & 403, SCRE (advisory committee's notes)). "Rule 402, SCRE, is identical to the federal rule, except as amended to reference South Carolina law." *Hamilton,* 344 S.C. at 357, 543 S.E.2d at 593 (citing Rule 402, SCRE (advisory committee's note)).

Only evidence found to be relevant should be admitted. *Hamilton,* 344 at 353, 543 S.E.2d at 591. "Under Rule 401, evidence is relevant if it has a direct bearing upon and tends to establish or make more or less probable the matter in controversy." *Preslar,* 364 S.C. at 476, 613 S.E.2d at 386 (citing *In re Care and Treatment of Corley,* 353 S.C. 202, 205, 577 S.E.2d 451, 453 (2003); *Adams,* 354 S.C. at 378, 580 S.E.2d at 794); *accord State v. Cheeseboro,* 346 S.C. 526, 548, 552 S.E.2d 300, 311 (2001); *State v. King,* 349 S.C. 142, 153, 561 S.E.2d 640, 645 (Ct.App.2002). "Evidence which assists a jury at arriving at the truth of an issue is relevant and admissible unless otherwise incompetent." *State v. Schmidt,* 288 S.C. 301, 303, 342 S.E.2d 401, 403 (1986) (citing *Toole v. Salter,* 249 S.C. 354, 361, 154 S.E.2d 434, 437 (1967)). Evidence is incompetent if it could create dangers such as prejudice, undue delay, confusion of the issues, tendency to mislead the jury, waste of time, or cumulative presentation. *See State v. Pipkin,* 359 S.C. 322, 326, 597 S.E.2d 831, 833 (Ct.App. 2004); *see also* Rule 403, SCRE.

■ When evidence's prejudicial effect outweighs its probative value, it should be excluded, even if otherwise relevant. Rule 403, SCRE; *State v. Beckham,* 334 S.C. 302, 310, 513 S.E.2d 606, 610 (1999); *State v. Crocker,* 366 S.C. 394, 408, 621 S.E.2d 890, 898 (Ct.App.2005); *State v. Fletcher,* 363 S.C. 221, 242, 609 S.E.2d 572, 583 (Ct.App.2005); *McLeod,* 362 S.C. at 81, 606 S.E.2d at 219–220. "Unfair prejudice means an undue tendency to suggest a decision on an improper basis." *State v. Gilchrist,* 329 S.C. 621, 627, 496 S.E.2d 424, 427 (Ct.App. 1998); *accord Wilson,* 345 S.C. at 7, 545 S.E.2d at 830; *Fletcher,* 363 S.C. at 242, 609 S.E.2d at 583 (citing *State v. Sweat,* 362 S.C. 117, 128, 606 S.E.2d 508, 514 (Ct.App.2004)); *see State v. Bright,* 323 S.C. 221, 226, 473 S.E.2d 851, 854 (Ct.App.1996) ("Unfair prejudice from the introduction of evidence occurs when it has an undue tendency to induce a decision on an improper basis.").

When juxtaposing the prejudicial effect against the probative value, the determination must be based on the entire record and will turn on the facts of each case. *State v. Gillian,* 373 S.C. 601, 609, 646 S.E.2d 872, 876, (2007) (citing *State v. Bell,* 302 S.C. 18, 30, 393 S.E.2d 364, 371 (1990)). To make this finding, trial judges are given wide discretion in ruling on the relevancy of evidence. *State v. Alexander,* 303 S.C. 377, 380, 401 S.E.2d 146, 148 (1991); *State v. Sosebee,* 284 S.C. 411, 413, 326 S.E.2d 654, 656 (1985); *State v. Jeffcoat,* 279 S.C. 167, 170, 303 S.E.2d 855, 857 (1983); *Hamilton,* 344 S.C. at 353, 543 S.E.2d at 591; *see State v. Anderson,* 253 S.C. 168, 182, 169 S.E.2d 706, 712 (1969) ("[T]he trial judge must have wide discretion on the innumerable questions of relevancy before him."); *see also State v. Perry,* 359 S.C. 646, 649 n. 6, 598 S.E.2d 723, 725 n. 6 (Ct.App.2004) (noting any decision concerning the relevance of evidence is within the discretion of the trial court). In *State v. Hamilton,* 344 S.C. at 357–358, 543 S.E.2d at 593–594, we addressed the broad deference our Court must give when reviewing a trial judge's decision pursuant to Rule 403, SCRE:

A trial judge's decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in "exceptional circumstances." *United States v. Green,* 887 F.2d 25, 27 (1st Cir.1989). *See also State v. Slocumb,* 336 S.C. 619, 633, 521 S.E.2d 507, 514 (Ct.App.

1999) (in addressing the admissibility of evidence under Rule 403, this Court stated: "[G]iven these reports were relevant and the subject of proper cross-examination, we cannot say the trial judge abused his discretion in finding the probative value of this testimony outweighed the danger for unfair prejudice."). We review a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment. *See Green*, 887 F.2d at 27. *See also State v. Aleksey*, 343 S.C. 20, 538 S.E.2d 248 (2000) (trial judge is given broad discretion in ruling on questions concerning relevancy of evidence, and his decision will be reversed only if there is a clear abuse of discretion). A trial judge's balancing decision under Rule 403 should not be reversed simply because an appellate court believes it would have decided the matter otherwise because of a differing view of the highly subjective factors of the probative value or the prejudice presented by the evidence. *United States v. Long*, 574 F.2d 761 (3d Cir.1978). If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal. *Id.*

■ The trial judge's decision regarding the relevancy of evidence should only be overturned for a clear abuse of discretion. *Aleksey*, 343 S.C. at 35, 538 S.E.2d at 256; *Alexander*, 303 S.C. at 380, 401 S.E.2d at 148; *Jeffcoat*, 279 S.C. at 170, 303 S.E.2d at 857. In *Rish v. Rish*, 296 S.C. 14, 15–16, 370 S.E.2d 102, 103 (Ct.App.1988), this Court enunciated what constitutes an abuse of discretion:

It is not always easy to determine when and if a trial judge has abused his discretion. Overly simplified, abuse of discretion involves the extent of disagreement. When an appellate court is in agreement with a discretionary ruling or is only mildly in disagreement, it says that the trial judge did not abuse his discretion. On the other hand, when the appellate court is in substantial or violent disagreement, it says that there has been an abuse of discretion.

■ In the case *sub judice,* the evidence presented by Lyles was properly excluded. The trial judge correctly found no probative link between the proffered testimony and the pending charges. Lyles was on trial for murder, burglary in

the first degree, armed robbery, and unlawful possession of a pistol by a person under the age of twenty-one. The testimony put forth by the defense, if accepted, would have established drugs were offered for sale outside of the apartment several months before the shooting by an individual known only as C.C. whose true identity remains unknown to the court. Additionally, there was evidence that a small quantity of partially-smoked marijuana was found near the victim. Lyles professes this evidence shows that he and Jeter were truthful in their assertions of venturing to the apartment to purchase drugs. Defense counsel argued this went directly to the credibility of Lyles and Jeter. Nevertheless, these contentions miss the mark. Even if factual, the testimony does not serve as a defense to any of the offenses charged in this case nor does it excuse or mitigate Lyles' actions. It is not probative of any issue material to reaching a verdict. This absence of a logical connection to the facts in debate makes the evidence irrelevant and inadmissible.

■ Additionally, even if the testimony were relevant to the controversy, the trial judge correctly ruled it was inadmissible as unfairly prejudicial. The evidence is prejudicial because it stands to suggest a decision on an improper basis. By potentially insinuating a key witness for the State is a drug dealer and drugs were present next to the victim, the testimony could unfairly impugn the character of Spicer and Howze and cloud the issues. The risk of confusion or misdirection requires an analysis under Rule 403, SCRE. Given the tenuous probative link, the prejudicial effect outweighs any value the evidence may hold. Moreover, we are obligated to give great deference to the decision of the trial judge in this matter and should only reverse in exceptional circumstances when there is a clear abuse of discretion. After a thorough review of the record, we find no abuse of discretion. There is no error of law in the trial judge's discretionary ruling. The details of the present case do not warrant reversal.

## C. Right to Present a Defense

■ Lyles contends the exclusion of the testimony deprived Lyles of his due process right to present witnesses in his own defense. We disagree.

██  The Constitution of the United States guarantees a criminal defendant certain fundamental rights.  *See* U.S. Const. amend. VI. "The Sixth Amendment rights to notice, confrontation, and compulsory process guarantee that a criminal charge may be answered through the calling and interrogation of favorable witnesses, the cross-examination of adverse witnesses, and the orderly introduction of evidence." *State v. Gillian,* 360 S.C. 433, 449–450, 602 S.E.2d 62, 71 (Ct.App. 2004); *accord State v. Mizzell,* 349 S.C. 326, 330, 563 S.E.2d 315, 317 (2002); *State v. Graham,* 314 S.C. 383, 385, 444 S.E.2d 525, 527 (1994); *Schmidt,* 288 S.C. at 303, 342 S.E.2d at 402.  The Due Process Clause of the Fourteenth Amendment ensures these rights are extended to criminal defendants in state courts. *See* U.S. Const. amend. XIV; *Pointer v. Texas,* 380 U.S. 400, 403–404, 85 S.Ct. 1065, 13 L.Ed.2d 923 (1965) (holding the Sixth Amendment applicable to the states through the Fourteenth Amendment); *Mizzell,* 349 S.C. at 330, 563 S.E.2d at 317 ("The Sixth Amendment is applicable to the states through the Fourteenth Amendment.").

Our State's Constitution and legislature have further ensured individuals accused of a crime will enjoy these rights. The Constitution of the State of South Carolina asseverates:

> The right of trial by jury shall be preserved inviolate.  Any person charged with an offense shall enjoy the right to a speedy and public trial by an impartial jury;  to be fully informed of the nature and cause of the accusation;  to be confronted with the witnesses against him;  to have compulsory process for obtaining witnesses in his favor, and to be fully heard in his defense by himself or by his counsel or by both.

S.C. Const. art. 1, § 14; *see also* S.C. Const. art. 1, § 3 (due process rights).  Additionally, the South Carolina Code confirms these guarantees by allowing criminal defendants to compel witnesses to appear in their favor and to produce witnesses and evidence at trial. *See* S.C.Code Ann. § 17–23–60 (1976); S.C.Code Ann. § 19–7–60 (1976).  These safeguards ensure the accused will benefit from a fair and impartial trial.

"Few rights are more fundamental than that of an accused to present witnesses in his own defense." *Chambers v. Mississippi,* 410 U.S. 284, 302, 93 S.Ct. 1038, 35 L.Ed.2d 297

(1973); *see also California v. Trombetta*, 467 U.S. 479, 485, 104 S.Ct. 2528, 81 L.Ed.2d 413 (1984) (finding the Due Process Clause of the Fourteenth Amendment affords criminal defendants a meaningful opportunity to present a complete defense); *State v. Hutton*, 358 S.C. 622, 631, 595 S.E.2d 876, 881 (Ct.App.2004) (recognizing fundamental fairness requires criminal defendants be granted a meaningful opportunity to present a complete defense); *State v. Harris*, 311 S.C. 162, 167, 427 S.E.2d 909, 912 (Ct.App.1993) ("Due process requires that a criminal defendant be given a reasonable opportunity to present a complete defense."). "The right of an accused in a criminal trial to due process is, in essence, the right to a fair opportunity to defend against the State's accusations." *Chambers*, 410 U.S. at 294, 93 S.Ct. 1038.

In *Washington v. Texas*, 388 U.S. 14, 19, 87 S.Ct. 1920, 18 L.Ed.2d 1019 (1967), the United States Supreme Court elucidated the rights of an accused to present testimony:

> The right to offer the testimony of witnesses, and to compel their attendance, if necessary, is in plain terms the right to present a defense, the right to present the defendant's version of the facts as well as the prosecution's to the jury so it may decide where the truth lies. Just as an accused has the right to confront the prosecution's witnesses for the purpose of challenging their testimony, he has the right to present his own witnesses to establish a defense. This right is a fundamental element of due process of law.

However, "[i]n the exercise of this right [to present a defense], the accused, as is required of the State, must comply with established rules of procedure and evidence designed to assure both fairness and reliability in the ascertainment of guilt and innocence." *Chambers*, 410 U.S. at 302, 93 S.Ct. 1038. "The right to present a defense is not unlimited, but must 'bow to accommodate other legitimate interests in the criminal trial process.'" *Hamilton*, 344 S.C. at 359, 543 S.E.2d at 594 (quoting *Rock v. Arkansas*, 483 U.S. 44, 55, 107 S.Ct. 2704, 97 L.Ed.2d 37 (1987) (quoting *Chambers*, 410 U.S. at 295, 93 S.Ct. 1038)). "'The accused does not have an unfettered right to offer [evidence] that is incompetent, privileged, or otherwise inadmissible under standard rules of evidence.'" *Montana v. Egelhoff*, 518 U.S. 37, 42, 116 S.Ct. 2013, 135 L.Ed.2d 361 (1996) (quoting *Taylor v. Illinois*, 484 U.S.

400, 410, 108 S.Ct. 646, 98 L.Ed.2d 798 (1988)) (brackets in original). Defendants are entitled to a fair opportunity to present a full and complete defense, but this right does not supplant the rules of evidence and all proffered evidence or testimony must comply with any applicable evidentiary rules prior to admission. *Hamilton*, 344 S.C. at 359, 543 S.E.2d at 594.

In order to ensure only proper evidence is admitted at trial, " '[s]tate and federal rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials.' " *Holmes v. South Carolina*, 547 U.S. 319, 324, 126 S.Ct. 1727, 164 L.Ed.2d 503 (2006) (quoting *United States v. Scheffer*, 523 U.S. 303, 308, 118 S.Ct. 1261, 140 L.Ed.2d 413 (1998)). This broad latitude does not allow the establishment of rules that are " 'arbitrary' or 'disproportionate to the purposes that they are designed to serve.' " *Scheffer*, 523 U.S. at 308, 118 S.Ct. 1261 (quoting *Rock*, 483 U.S. at 56, 107 S.Ct. 2704). However, "[w]hile the Constitution thus prohibits the exclusion of defense evidence under rules that serve no legitimate purpose or that are disproportionate to the ends that they are asserted to promote, well-established rules of evidence permit trial judges to exclude evidence if its probative value is outweighed by certain other factors such as unfair prejudice, confusion of the issues, or potential to mislead the jury." *Holmes*, 547 U.S. at 326, 126 S.Ct. 1727; *see Crane v. Kentucky*, 476 U.S. 683, 689–690, 106 S.Ct. 2142, 90 L.Ed.2d 636 (The Constitution grants trial judges ruling on the admissibility of evidence " 'wide latitude' to exclude evidence that is 'repetitive ..., only marginally relevant' or poses an undue risk of 'harassment, prejudice, [or] confusion of the issues.' ") (quoting *Delaware v. Van Arsdall*, 475 U.S. 673, 679, 106 S.Ct. 1431, 89 L.Ed.2d 674 (1986) (ellipsis and brackets in original)); *see also Marshall v. Lonberger*, 459 U.S. 422, 438 n. 6, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983) ("[T]he Due Process Clause does not permit the federal courts to engage in a finely-tuned review of the wisdom of state evidentiary rules[.]"); *Spencer v. Texas*, 385 U.S. 554, 563–564, 87 S.Ct. 648, 17 L.Ed.2d 606 (1967) (While the Due Process clause guarantees "the fundamental elements of fairness in a criminal trial", the United States Supreme Court is not "a rule-making organ for the promulgation of state rules of criminal procedure.").

The trial judge in the case at bar did not abuse his discretion by excluding the testimony tendered by the defense. While Lyles has a fundamental right to present a complete defense, including the right to call witnesses on his own behalf, this right does not supersede any pertinent evidentiary rules. The testimony was inadmissible as irrelevant and unfairly prejudicial under the South Carolina Rules of Evidence. These rules are consistent with the Constitution and cannot be considered arbitrary or disproportionate to the ends they serve. Lyles is not entitled to offer evidence deemed inadmissible by these rules as part of his defense. Even though Lyles was prevented from introducing certain evidence at trial, his right to present a complete defense was not abridged due to the overriding purpose of the exclusionary rules barring this testimony. Resultantly, Lyles' due process rights were not violated.

## D. Harmless Error

The State advances in the alternative any error in the exclusion of the testimony was harmless. We agree.

The question of "[w]hether an error is harmless depends on the circumstances of the particular case." *Mitchell,* 286 S.C. at 573, 336 S.E.2d at 151; *accord State v. Reeves,* 301 S.C. 191, 193, 391 S.E.2d 241, 243 (1990); *Douglas,* 367 S.C. at 519–520, 626 S.E.2d at 70; *State v. Thompson,* 352 S.C. 552, 562, 575 S.E.2d 77, 83 (Ct.App.2003). " 'No definite rule of law governs this finding; rather, the materiality and prejudicial character of the error must be determined from it relationship to the entire case.' " *Thompson,* 352 S.C. at 562, 575 S.E.2d at 83 (quoting *Mitchell,* 286 S.C. at 573, 336 S.E.2d at 151). "Error is harmless beyond a reasonable doubt where it did not contribute to the verdict obtained." *Pagan,* 369 S.C. at 212, 631 S.E.2d at 267 (citing *Arnold v. State,* 309 S.C. 157, 172, 420 S.E.2d 834, 842 (1992)). "Where a review of the entire record establishes the error is harmless beyond a reasonable doubt, the conviction should not be reversed." *Thompson,* 352 S.C. at 562, 575 S.E.2d at 83 (citing *State v. Pickens,* 320 S.C. 528, 530–531, 466 S.E.2d 364, 366 (1996); *State v. King,* 349 S.C. 142, 161, 561 S.E.2d 640, 650 (Ct.App. 2002)); *see Mizzell,* 349 S.C. at 334, 563 S.E.2d at 319 ("In determining whether an error is harmless, 'the reviewing

court must review the entire record to determine what effect the error had on the verdict.'") (quoting *State v. Clark*, 315 S.C. 478, 484, 445 S.E.2d 633, 636 (1994) (Toal, J. dissenting)).

" 'Harmless beyond a reasonable doubt' means the reviewing court can conclude the error did not contribute to the verdict beyond a reasonable doubt." *Mizzell*, 349 S.C. at 334, 563 S.E.2d at 319 (quoting *Arnold*, 309 S.C. at 172, 420 S.E.2d at 842). "[I]n order to conclude that the error did not contribute to the verdict, the Court must 'find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.' " *Lowry v. State*, 376 S.C. 499, 508, 657 S.E.2d 760, 765 (2008) (quoting *Yates v. Evatt*, 500 U.S. 391, 403, 111 S.Ct. 1884, 114 L.Ed.2d 432 (1991)). "When guilt is conclusively proven by competent evidence such that no other rational conclusion can be reached, [the appellate court] will not set aside a conviction because of insubstantial errors not affecting the result." *State v. Kelley*, 319 S.C. 173, 179, 460 S.E.2d 368, 371 (1995); *accord; State v. Bryant*, 369 S.C. 511, 518, 633 S.E.2d 152, 156 (2006); *State v. Bailey*, 298 S.C. 1, 5, 377 S.E.2d 581, 584 (1989) (citing *State v. Livingston*, 282 S.C. 1, 6, 317 S.E.2d 129, 132 (1984)).

After reviewing the record, we conclude any error in the exclusion of the proffered testimony would have no impact on the outcome of the case. All the elements of the crimes charged were proven beyond a reasonable doubt and no other rational conclusion could be reached. The excluded evidence, if admitted, would have had no impact on the verdict reached by the jury. Therefore, any error committed was harmless.

## *CONCLUSION*

We hold the testimony proffered by the defense regarding potential drugs sales at the apartment and the presence of drugs at the crime scene was irrelevant. Additionally, even if the testimony were relevant, it should be excluded under Rule 403, SCRE, as unfairly prejudicial because of its tendency to confuse the issues and mislead the jury. Because this testimony is inadmissible under the rules of evidence, Lyles was not denied an opportunity to present a complete defense by its exclusion. Furthermore, any error regarding the exclusion of

the testimony was harmless. ACCORDINGLY, Lyles' convictions are

**AFFIRMED.**

HUFF and KITTREDGE, JJ., concur.