THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT
 BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE
 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Joshua Jeter, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No.  2008-UP-587  
Heard September 16, 2008  Filed October
 15, 2008
AFFIRMED

 
 
 
 Deputy Chief Attorney for Capital Appeals Robert M. Dudek, South Carolina Commission, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Donald J. Zelenka,
 Office of the Attorney General, of Columbia; and Solicitor Harold W. Gowdy,
 III,  of Spartanburg, for Respondent.
 
 
 

PER CURIAM:  A
 jury convicted Joshua Jeter of murder, attempted burglary in the first degree,
 armed robbery, and possession of a pistol by a person under the age of twenty-one. 
 The charges against Jeter arose from a shooting death on December 8, 2004.  Lance
 Lyles, Jeters co-defendant, was tried with Jeter and convicted of similar
 offenses.[1] 
 Jeter appeals, arguing the trial judge erred in (1) refusing to allow him to
 present corroborating evidence of drug activity in which the victims were
 allegedly involved, and (2) failing to direct a verdict in his favor on the
 murder charge.  We affirm.
1.  Jeter first
 argues the trial judge committed reversible error in granting the States
 motion in limine to prevent him from presenting evidence other
 than his own testimony suggesting the victims were engaged in drug activity and
 from mentioning such evidence during his opening argument.  The disputed
 evidence included (1) testimony from a former neighbor of the victims that several
 months before the incident someone coming from the apartment where the shooting
 took place approached him about buying drugs, and (2) testimony that material
 in a partially smoked cigarette found near the murder victims body tested
 positive for marijuana.  Jeter argues on appeal that these witnesses
 statements were essential to his defense in that they corroborated his own testimony
 that he went to the victims apartment complex on the day of the incident to
 purchase drugs from the victims.  The trial judge, however, refused to admit
 either statement, noting that the witness who allegedly had been offered a
 chance to buy drugs could not identify the individual who approached him and
 also that neither statement was relevant to the issues in the case.  We agree.  See State v. Lyles, ___ S.C. ___, 665 S.E.2d 201, 207 (Ct. App.
 2008) (affirming the appeal of Jeters co-defendant and noting that the
 disputed testimony, even if factually correct, does not serve as a defense to
 any of the offenses charged in this case nor does it excuse or mitigate Lyles
 actions).  We further uphold the trial judges exclusion of the disputed
 statements on the ground that they would have been unduly prejudicial to the
 State.  See Holmes v. South Carolina, 547 U.S. 319, 326 (2006)
 (holding that although a defendant has a constitutional right to present a
 complete defense, well-established rules of evidence permit trial judges to
 exclude evidence if its probative value is outweighed by other factors, such as
 unfair prejudice, confusion of the issues, or potential to mislead the jury); State
 v. Frazier, 357 S.C. 161, 165, 592 S.E.2d 621, 623 (2004) (stating a trial
 judges admission or rejection of evidence is generally reviewed for an abuse
 of discretion); Lyles, ___ S.C. at ___, 665 S.E.2d at 207 (By
 potentially insinuating a key witness for the State is a drug dealer and drugs
 were present next to the victim, the testimony could impugn the character of
 [the victims] and cloud the issues.).
2.  Jeter also
 argues he was entitled to a directed verdict of acquittal on the murder charge,
 arguing (1) there was no evidence that he acted with malice aforethought; and (2)
 testimony form his co-defendant implicating him as the more culpable of the two
 was not substantial circumstantial evidence of his guilt.  We reject these
 arguments.  At trial, Jeter did not dispute that he had accompanied Lyles to
 the apartment where the shooting took place, and the States chief eyewitness
 testified at length about Jeters participation at the scene.  We therefore
 hold the State presented both direct as well as substantial circumstantial
 evidence on which the jury could convict Jeter of murder.  See State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006)
 (stating that when reviewing the denial of a directed verdict motion, the
 appellate court views the evidence and all reasonable inferences in the light
 most favorable to the State, and, if there is any direct or substantial
 circumstantial evidence reasonably tending to prove the guilt of the accused,
 the court must find the case was properly submitted to the jury); State v.
 Crowe, 258 S.C. 258, 265, 188 S.E.2d 379, 382 (1972) ([I]f two or more combine together to commit an unlawful
 act, such as robbery, and, in the execution of that criminal act, a homicide is
 committed by one of the actors, as a probable or natural consequence of the
 acts done in pursuance of the common design, all present participating in the
 unlawful undertaking are as guilty as the one who committed the fatal act.).
AFFIRMED.
SHORT, THOMAS,
 and PIEPER, JJ., concur. 

[1]  This Court recently affirmed Lyless convictions,
 rejecting similar arguments concerning evidence of drug activity at the
 location of the incident.  State v. Lyles, ___ S.C. ___, 665 S.E.2d 201
 (Ct. App. 2008).