**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daniel Rogers, Appellant.

Appellate Case No. 2011-190750

Appeal From Dillon County
Howard P. King, Circuit Court Judge

Unpublished Opinion No. 2013-UP-243
Heard March 7, 2013 – Filed June 12, 2013

**AFFIRMED**

Appellate Defender LaNelle Cantey DuRant, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant
Attorney General William M. Blitch, Jr., both of
Columbia, for Respondent.

**PER CURIAM:** Daniel Rogers appeals his conviction for second-degree
burglary, arguing the circuit court erred in (1) sentencing him to twelve years'
imprisonment for his charge for non-violent burglary in the second degree, when

section 16-11-312 of the South Carolina Code (Supp. 2012) was amended to reduce the maximum sentence for non-violent burglary in the second degree to ten years; (2) denying his motion to suppress evidence seized from the vehicle based on a lack of reasonable suspicion and probable cause to stop the car; (3) denying his motion for directed verdict; and (4) denying his motion to suppress certain evidence, namely the return to a search warrant listing particular items found in the vehicle.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the circuit court erred in sentencing Rogers to twelve years: *State v. Bolin*, 381 S.C. 557, 562, 673 S.E.2d 885, 887 (Ct. App. 2009) (interpreting an identical savings clause to indicate prospective application of an act's provisions); *State v. Dawson*, Op. No. 27238 (S.C. Sup. Ct. filed April 3, 2013) (Shearouse Adv. Sh. No. 15 at 14) (finding crimes committed prior to the effective date of the Omnibus Crime Reduction Act of 2010 are subject to penalties under the former version of the statute because the criminal prosecution arose from, and the corresponding penalty was incurred under, the former version of the statute).

2.      As to whether the circuit court erred in denying Rogers's motion to suppress evidence seized from the vehicle based on a lack of reasonable suspicion and probable cause: *State v. Blassingame*, 338 S.C. 240, 248, 525 S.E.2d 535, 539 (Ct. App. 1999) ("A police officer may stop and briefly detain and question a person for investigative purposes, without treading upon his Fourth Amendment rights, when the officer has a reasonable suspicion supported by articulable facts, short of probable cause for arrest, that the person is involved in criminal activity.").

3.      As to whether the circuit court erred in denying Rogers's motion for directed verdict: *State v. Buckmon*, 347 S.C. 316, 321, 555 S.E.2d 402, 404 (2001) ("A defendant is entitled to a directed verdict [only] when the State fails to produce evidence of the offense charged."); *State v. Brannon*, 379 S.C. 487, 494, 666 S.E.2d 272, 275 (Ct. App. 2008) ("If there is any direct evidence or substantial circumstantial evidence reasonably tending to prove the guilt of the accused, we must find the case was properly submitted to the jury.").

4.      As to whether the circuit court erred in denying Rogers's motion to suppress the return to the search warrant: Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than

it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Lyles*, 379 S.C. 328, 333, 665 S.E.2d 201, 204 (Ct. App. 2008) ("The admission or exclusion of evidence is left to the sound discretion of the [circuit court], whose decision will not be reversed on appeal absent an abuse of discretion."); *State v. Hamilton*, 344 S.C. 344, 353, 543 S.E.2d 586, 591 (Ct. App. 2001) (finding that when reviewing a circuit court's decision regarding Rule 403, appellate courts are obligated to give great deference to the circuit court's judgment).

**AFFIRMED.**

**HUFF, WILLIAMS, and KONDUROS, JJ., concur.**