**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Alan Dale Smith, Appellant.

Appellate Case No. 2013-002524

---

Appeal From Richland County
Clifton Newman, Circuit Court Judge

---

Unpublished Opinion No. 2016-UP-295
Submitted March 1, 2016 – Filed June 15, 2016

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Assistant Attorney General William M. Blitch, Jr., and Solicitor Daniel Edward Johnson, all of Columbia, for Respondent.

---

**PER CURIAM:** Alan Dale Smith appeals his convictions for thirty counts of third-degree sexual exploitation of a minor for which the trial court sentenced him

to twenty years' imprisonment.  On appeal he argues the trial court erred by (1) allowing the State to reference unindicted images of child pornography in addition to the indicted images found on Smith's computer, and (2) allowing the State to show the jury a demonstrative to explain the computer crimes investigator's process which contained additional unindicted file names.  We affirm[1] pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to issue 1:  *State v. Martucci*, 380 S.C. 232, 246, 669 S.E.2d 598, 605 (Ct. App. 2008) ("In criminal cases, the appellate court sits to review errors of law only."); *id.* at 246, 669 S.E.2d at 606 ("[Appellate courts are] bound by the trial court's factual findings unless they are clearly erroneous." (quoting *State v. Preslar*, 364 S.C. 466, 472, 613 S.E.2d 381, 384 (Ct. App. 2005))); *id.* at 247, 669 S.E.2d at 606 ("The admission or exclusion of evidence is left to the sound discretion of the trial [court], whose decision will not be reversed on appeal absent an abuse of discretion." (quoting *State v. Saltz*, 346 S.C. 114, 121, 551 S.E.2d 240, 244 (2001))); *id.* ("An abuse of discretion arises from an error of law or a factual conclusion that is without evidentiary support." (quoting *State v. Irick*, 344 S.C. 460, 463, 545 S.E.2d 282, 284 (2001))); Rule 404(b), SCRE ("Evidence of other crimes, wrongs or acts is not admissible to prove the character of a person in order to show action in conformity therewith.  It may, however, be admissible to show . . . the existence of a common scheme or plan [or] the absence of mistake or accident . . . ."); *Martucci*, 380 S.C. at 252, 669 S.E.2d at 608 ("If not the subject of a conviction, proof of prior bad acts must be clear and convincing."); *id.* at 252, 669 S.E.2d at 609 ("The record must support a logical relevance between the prior bad act and the crime for which the defendant is accused."); *id.* ("Even though the evidence is clear and convincing, and falls within a *Lyle*[2] exception, it must be excluded if its probative value is substantially outweighed by the danger of unfair prejudice to the defendant."); *id.* ("If there is any evidence to support the admission of bad act evidence, the trial judge's ruling cannot be disturbed on appeal."); *State v. Taylor*, 399 S.C. 51, 59, 731 S.E.2d 596, 601 (Ct. App. 2011) ("Evidence of other crimes, wrongs, or acts is admissible to show a common scheme or plan when a 'close degree of similarity [exists] between the crime charged and the prior bad act.'" (alteration in original) (quoting *State v. Gaines*, 380 S.C. 23, 30, 667 S.E.2d 728, 731 (2008))); *id.* ("Thus the trial court must examine 'the similarities

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] 125 S.C. 406, 118 S.E. 803 (1923) (recognizing the general rule and the five exceptions now codified in Rule 404(b), SCRE).

and dissimilarities between the crime charged and the bad act evidence'; if the 'similarities outweigh the dissimilarities, the bad act evidence is admissible' as evidence of a common scheme or plan."  (quoting *State v. Wallace*, 384 S.C. 428, 433, 683 S.E.2d 275, 277-78 (2009))); *Wallace*, 384 S.C. at 434, 683 S.E.2d at 278 ("A close degree of similarity establishes the required connection between the two acts and no further 'connection' must be shown for admissibility.").

2.  As to issue 2:  Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Green*, 412 S.C. 65, 79, 770 S.E.2d 424, 432 (Ct. App. 2015) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in 'exceptional circumstances.'" (alteration in original) (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 207 (Ct. App. 2008))); *id.* ("A trial [court]'s balancing decision under Rule 403 should not be reversed simply because an appellate court believes it would have decided the matter otherwise because of a differing view of the highly subjective factors of the probative value or the prejudice presented by the evidence.") (alteration in original) (quoting *Lyles*, 379 S.C. at 339, 665 S.E.2d at 207)); *id.* ("If judicial self-restraint is ever desirable, it is when a Rule 403 analysis of a trial court is reviewed by an appellate tribunal." (quoting *Lyles*, 379 S.C. at 339, 665 S.E.2d at 207)).

**AFFIRMED.**

**LOCKEMY, C.J., and WILLIAMS and MCDONALD, JJ., concur.**