**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Paulette J. Sims, Appellant.

Appellate Case No. 2021-001202

———————————

Appeal From Allendale County
Courtney Clyburn Pope, Circuit Court Judge

———————————

Unpublished Opinion No. 2024-UP-240
Submitted June 1, 2024 – Filed July 3, 2024

———————————

**AFFIRMED**

———————————

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Attorney General Melody J. Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————————

**PER CURIAM:** Paulette J. Sims appeals her convictions for two counts of murder and one count of possession of a weapon during the commission of a violent crime and her sentence of thirty-eight years' imprisonment. On appeal, Sims argues that the trial court abused its discretion by admitting police officers' in-car and body-worn camera footage and erred by denying Sims's motion to suppress a buccal swab of her DNA. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion by admitting the in-car and body-worn camera footage into evidence because the videos were relevant and their probative value was not substantially outweighed by the danger of confusing or misleading the jury. *See State v. Phillips*, 430 S.C. 319, 340, 844 S.E.2d 651, 662 (2020) ("We review a trial court's decision to admit or exclude evidence under a deferential standard for an abuse of discretion."); Rule 401, SCRE ("'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Huckabee*, 419 S.C. 414, 423, 798 S.E.2d 584, 589 (Ct. App. 2017) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances. We review a trial court's decision regarding Rule 403 pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment." (alteration in original) (quoting *State v. Collins*, 409 S.C. 524, 534, 763 S.E.2d 22, 28 (2014))); *id.* ("Unfair prejudice means an undue tendency to suggest a decision on an improper basis." (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008))); *State v. Gray*, 408 S.C. 601, 610, 759 S.E.2d 160, 165 (Ct. App. 2014) ("'Probative value' is the measure of the importance of that tendency to the outcome of a case. It is the weight that a piece of relevant evidence will carry in helping the trier of fact decide the issues.").

2. We hold the trial court did not err by denying Sims's motion to suppress the buccal swab because there was sufficient probable cause established in the search warrant. *See State v. Frasier*, 437 S.C. 625, 633-34, 879 S.E.2d 762, 766 (2022) ("[A]ppellate review of a motion to suppress based on the Fourth Amendment involves a two-step analysis. This dual inquiry means we review the trial court's factual findings for any evidentiary support, but the ultimate legal conclusion . . . is a question of law subject to de novo review."); *State v. Davis*, 354 S.C. 348, 355,

580 S.E.2d 778, 782 (Ct. App. 2003) (explaining that "[a] reviewing court should give great deference to a magistrate's determination of probable cause"); *State v. Rodriquez*, 323 S.C. 484, 490, 476 S.E.2d 161, 165 (Ct. App. 1996) ("Generally, police seizures are *per se* unreasonable within the meaning of the Fourth Amendment unless such seizures are accomplished pursuant to judicial warrants issued upon probable cause."); *id.* ("If no supplemental testimony is taken, a magistrate's probable cause determination is limited to the four corners of the search warrant affidavit."); *State v. Baccus*, 367 S.C. 41, 50, 625 S.E.2d 216, 221 (2006) (explaining under the "totality-of-the-circumstances" test for a probable cause determination, "[t]he task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place" (quoting *Illinois v. Gates*, 462 U.S. 213, 238 (1983))); S.C. Code Ann. § 17-13-140 (2014) (explaining that in South Carolina, search warrants may be issued "only upon affidavit sworn to before the magistrate . . . establishing the grounds for the warrant"); *State v. Chisholm*, 395 S.C. 259, 267, 717 S.E.2d 614, 618 (Ct. App. 2011) ("Considerations for determining whether or not there exists probable cause to permit the acquisition of [DNA] evidence include the following elements: (1) probable cause to believe the suspect has committed the crime; (2) a clear indication that relevant material evidence will be found; and (3) the method used to secure it is safe and reliable."); *Baccus*, 367 S.C. at 54, 625 S.E.2d at 223 ("Additional factors to be weighed are the seriousness of the crime and the importance of the evidence to the investigation.  The judge is required to balance the necessity for acquiring involuntary nontestimonial identification evidence against constitutional safeguards prohibiting unreasonable bodily intrusions, searches, and seizures.").

**AFFIRMED.**[1]

**GEATHERS, HEWITT, and VINSON, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.