**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Larry Eugene King, Appellant.

Appellate Case No. 2023-001445

———————

Appeal From Colleton County
Clifton Newman, Circuit Court Judge

———————

Unpublished Opinion No. 2026-UP-013
Submitted November 3, 2025 – Filed January 14, 2026

———————

**AFFIRMED**

———————

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, Senior Assistant Deputy Attorney General Melody Jane Brown, and Assistant Attorney General Tommy Evans, Jr., all of Columbia; and Solicitor Isaac McDuffie Stone, III, of Bluffton, all for Respondent.

———————

**PER CURIAM:** Larry Eugene King appeals his convictions for murder and infliction of great bodily injury upon a child and his aggregate sentence of thirty-two years' imprisonment for his involvement in the death of the thirteen-year-old child (Victim). On appeal, King argues the trial court erred by admitting four crime scene photographs of Victim's body because their probative value was substantially outweighed by the danger of unfair prejudice. We affirm pursuant to Rule 220(b), SCACR.

We hold the trial court did not abuse its discretion by admitting the photographs because their probative value was not substantially outweighed by the danger of unfair prejudice. Here, even though the photographs showed the body of an underweight thirteen-year-old girl with cerebral palsy, who was lying face down outside while wearing a soiled diaper, the danger of unfair prejudice did not substantially outweigh the photographs' high probative value because they aided the State's forensic pathologist in explaining Victim's injuries to the jury and assisted the jury in determining whether King acted with malice, which was a disputed issue at trial. *See State v. Martucci*, 380 S.C. 232, 249, 669 S.E.2d 598, 607 (Ct. App. 2008) ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court and a ruling will be disturbed only upon a showing of an abuse of discretion."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("[E]vidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *Martucci*, 380 S.C. at 250, 669 S.E.2d at 607 ("Admitting photographs which serve to corroborate testimony is not an abuse of discretion."); *State v. Benton*, 443 S.C. 1, 8-9, 901 S.E.2d 701, 705 (2024) (explaining the "graphic crime scene photographs" of a victim's burned body were probative because they possessed "unique power to make Benton's accomplices' testimon[ies] more believable" by "g[iving] important context to the testimony and other evidence about who did what at the scene" and they "assisted the jury in [its] task to understand other key evidence"), *cert. denied*, 145 S. Ct. 443 (2024); *State v. Gleaton*, 444 S.C. 394, 418-19, 906 S.E.2d 630, 642-43 (2024) (finding a trial court did not abuse its discretion in admitting autopsy photographs of the victim's burned body because the photographs "had significant probative value" by "visually demonstrat[ing] the causes of [the v]ictim's death in a way testimony alone could not, and they aided [the forensic pathologist] in explaining [the v]ictim's injuries to the jury"); *State v. Jones*, 440 S.C. 214, 259, 891 S.E.2d 347, 371 (2023) ("Even if relevant,

photographs are unfairly prejudicial if they 'create a tendency to suggest a decision on an improper basis, commonly, though not necessarily, an emotional one.'" (quoting *State v. Franklin*, 318 S.C. 47, 55, 456 S.E.2d 357, 361 (1995))); *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 206 (Ct. App. 2008) ("When [balancing the danger of unfair prejudice] against the probative value, the determination must be based on the entire record and will turn on the facts of each case.").

**AFFIRMED.**[1]

**MCDONALD, HEWITT, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.