**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Osman Shareef Shabazz, Jr., Appellant.

Appellate Case No. 2022-001387

Appeal From Fairfield County
Brian M. Gibbons, Circuit Court Judge

Unpublished Opinion No. 2026-UP-245
Submitted May 1, 2026 – Filed May 20, 2026

**AFFIRMED IN PART AND VACATED IN PART**

Senior Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Deputy Attorney General Donald J. Zelenka, and Senior Assistant Deputy Attorney General Melody Jane Brown, all of Columbia; and Solicitor Randy E. Newman, Jr., of Lancaster, all for Respondent.

**PER CURIAM:** Osman Shareef Shabazz, Jr. appeals his convictions for murder, grand larceny, and possession of a weapon during the commission of a violent crime, and concurrent sentences of life without the possibility of parole (LWOP) for murder, five years' imprisonment for grand larceny, and five years' imprisonment for possession of a weapon during the commission of a violent crime. On appeal, Shabazz argues the trial court abused its discretion by (1) admitting testimony that, one year before the murder, Shabazz reported to police that the victim threatened to release a video of their previous sexual encounter; and (2) imposing a concurrent five-year sentence for possession of a weapon during the commission of a violent crime when he was sentenced to LWOP for murder. We affirm in part and vacate in part.

1. As to issue one, we hold the trial court did not abuse its discretion by admitting testimony that, one year prior to the murder, Shabazz reported that the victim threatened to release a six-year-old video of their sexual encounter. *See State v. Lyles*, 379 S.C. 328, 339, 665 S.E.2d 201, 207 (Ct. App. 2008) ("We review a trial court's decision regarding Rule 403 [of the South Carolina Rules of Evidence] pursuant to the abuse of discretion standard and are obligated to give great deference to the trial court's judgment."); Rule 401, SCRE (stating evidence is relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence"); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."). We find the probative value of the challenged testimony was not substantially outweighed by its prejudicial value. *See State v. Braxton*, 343 S.C. 629, 636, 541 S.E.2d 833, 837 (2001) ("Prior disputes between the victim and defendant may be relevant to establish the accused's motive for committing the crime and motive may have bearing on the identity of the accused as the perpetrator of the crime."); *State v. Sweat*, 362 S.C. 117, 129, 606 S.E.2d 508, 515 (Ct. App. 2004) (finding testimony regarding a prior incident was highly probative under the Rule 403, SCRE, analysis as "[i]t tended to show motive and intent, and it completed the State's theory of the case"); *id.* at 132, 606 S.E.2d at 516 ("[O]ur courts have not established a bright-line rule for determining when evidence loses its probative value due to passage of time.").

2. As to issue two, we hold the trial court erred in imposing a concurrent five-year sentence for the possession of a weapon during the commission of a violent crime

when Shabazz was sentenced to LWOP for murder. *See* S.C. Code Ann. § 16-23-490(A) (2015) ("If a person is in possession of a firearm or visibly displays what appears to be a firearm or visibly displays a knife during the commission of a violent crime and is convicted of committing or attempting to commit a violent crime as defined in [s]ection 16-1-60 [of the South Carolina Code (Supp. 2025)], he must be imprisoned five years, in addition to the punishment provided for the principal crime. *This five-year sentence does not apply in cases where* the death penalty or *a life sentence without parole is imposed for the violent crime*." (emphasis added)); § 16-1-60 (stating a violent crime includes the offense of murder). Although Shabazz failed to object to the concurrent sentence at trial, we address this issue in the interest of judicial economy and vacate Shabazz's five-year sentence for possession of a weapon during the commission of a violent crime. *See State v. Plumer*, 439 S.C. 346, 351, 887 S.E.2d 134, 137 (2023) ("[T]he appellate court may correct [a] sentence on direct appeal or remand the issue to the trial court even if the defendant did not object to the sentence at trial and even if there is no real threat of incarceration beyond the limits of a legal sentence.").

**AFFIRMED IN PART AND VACATED IN PART.**[1]

**THOMAS, MCDONALD, and TURNER, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.