21934

The STATE, Respondent, v. Glen A. JEFFCOAT and William Hutchinson, Appellants.

(303 S. E. (2d) 855)

*Kerry W. Koon* and *O. Grady Query,* Charleston, and *Frederick A. Gertz* and *Alice S. Moore,* Columbia, and *Deputy Appellate Defender David W. Carpenter,* of *S. C. Com'n of Appellate Defense,* Columbia, *for appellants.*

*Atty. Gen. T. Travis Medlock, Retired Atty. Gen. Daniel R. McLeod* and *Asst. Attys. Gen. William K. Moore* and *C. Richard Kelly,* Columbia, *for respondent.*

June 6, 1983.

NESS, Justice:

Appellants Jeffcoat and Hutchinson were convicted of five counts of obtaining property or signatures by false pretenses and one count of conspiracy to obtain property or signatures by false pretenses. Jeffcoat was also convicted of three counts of breach of trust with fraudulent intent. Jeffcoat was fined and sentenced to a total of fifteen years; Hutchinson was fined and sentenced to three months actual confinement and five years probation. We affirm.

In April 1979, appellant Jeffcoat contracted to purchase certain land from Gibson-Wall Partnership for $2,030,000.00. The contract called for a $50,000.00 deposit, payment of 8.5% interest on the remaining $1,980,000.00 on September 15, 1979, with closing soon thereafter. Immediately after signing the sale contract, appellants began selling residential lots to individual purchasers.

Appellants failed to pay the interest due on September 15th, and Gibson-Wall declared the contract breached in late October. The contract being breached, appellants could not obtain title to convey to those who purchased from them. Nevertheless, appellants continued to accept installment payments from purchasers pursuant to the sales contracts.

Appellants first contend the trial judge erred in denying their motions for directed verdicts on the charges of obtaining property or signatures by false pretenses because (1) the State failed to prove the elements of the crime, and (2) the proof varied from the allegations contained in the indictments.

The indictments allege appellants falsely pretended the land was unencumbered, and that the land was suitable for installation of septic tanks. At trial, the State presented evidence the appellants held themselves out as owning the land, and did not disclose to purchasers that they did not have legal title. Additionally, the record establishes appellants, although aware the water table was too high and that the Department of Health and Environmental Control prohibited septic tanks on subdivisions of more than forty lots, told purchasers they could place septic tanks on the lots.

Other than complete lack of ownership, we know of no greater encumbrance to a land transfer than lack of legal title. We hold that a seller's failure to disclose his lack of legal title can constitute a false pretense. See *State v. Johnson*, 20 S. C. 387 (1883); *State v. Stanley*, 116 Kan. 449, 227

P. 263 (Kan. 1924); 35 CJS, False Pretenses, § 8. We see no material variance warranting a directed verdict.

Appellant Jeffcoat contends the State failed to prove ■ he made any misrepresentations, since his sales agent, appellant Hutchinson, handled the sales. However, the record reveals Jeffcoat furnished Hutchinson with restrictive covenants and contracts of sale which contained the misrepresentations, and obviously intended that these documents be given to the purchasers. Jeffcoat's bookkeeper and another salesman testified they were instructed by Jeffcoat to tell purchasers the lots were suitable for septic tanks. The evidence sufficiently establishes Jeffcoat's guilt as a principal. See *State v. Thompkins, et al.*, 220 S. C. 523, 68 S. E. (2d) 465 (1951); *State v. Blackwell, et al.*, 220 S. C. 342, 67 S. E. (2d) 684 (1951).

Appellants next assert the trial judge erred in denying their motions for directed verdict on the conspiracy charge as the State failed to prove a conspiracy.

S. C. Code Ann. § 16-17-410 (1976) defines a conspiracy as "... a combination between two or more persons for the purpose of accomplishing a criminal or unlawful object or an object neither criminal nor unlawful by criminal or unlawful means." Conspiracy may be proved by circumstantial evidence. *State v. Oliver*, 275 S. C. 79, 267 S. E. (2d) 529 (1980).

The record reveals that each knew of the other's wrong-■ ful acts, yet neither objected. The crime could not have been committed in the manner it was, had there not been at least a tacit understanding, as each needed the other's cooperation. The evidence adequately supports the conspiracy convictions.

Appellant Jeffcoat next asserts the trial court erred in ■■ admitting into evidence two groups of checks because they were irrelevant and improperly authenticated.

We see no authentication problem, as Jeffcoat's signature on the checks was identified by his bookkeeper. The State demonstrated the checks were relevant, as purchasers' money had gone into the accounts on which the checks were written. The determination of relevancy is largely within the discretion of the trial judge. *Hankins v. Foye*, 263 S. C. 310, 210 S. E. (2d) 305 (1974). We find no error.

Next, Jeffcoat argues the trial court erred in denying his motion for a directed verdict on the breach of trust charges.

The sales contracts contained an itemized charge for paving roads in the subdivision, even though the purchasers' lots were already on paved roads. When the purchasers questioned this charge, they were told the money would be used to pave the roads over the entire subdivision. Despite these representations, the record reveals the so-called "paving funds" were commingled with general corporate funds, and were used in part to pay Jeffcoat's personal expenses. The evidence reasonably supports the breach of trust convictions.

Jeffcoat further argues that one of the breach of trust indictments is duplicitous because it charges two separate breach of trust offenses. The trial judge concluded that even though there were two separate contracts involved, the money due under both contracts was paid by the same person, and thus there was but one breach of trust offense alleged. The evidence amply substantiates this conclusion.

Finally, both appellants contend the trial judge abused his discretion by giving them excessive sentences.

We will not disturb a sentence within statutory limits absent a showing of prejudice. *Wood v. State, et al.,* 257 S. C. 179, 184 S. E. (2d) 702 (1971); *State v. Mayfield,* 235 S. C. 11, 109 S. E. (2d) 716 (1959). Both sentences are well within statutory limits, and the trial judge stated appropriate reasons for the length of the sentences at trial. As appellants can demonstrate no prejudice, we find no abuse of discretion.

Affirmed.

LEWIS, C. J., and LITTLEJOHN, GREGORY and HARWELL, JJ., concur.