23374

The STATE, Respondent v. Archie GARNER, Appellant.

(403 S.E. (2d) 631)

Supreme Court

*William T. Toal*, of *Johnson, Toal & Battiste*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.* and *William Edgar Salter, III,* Columbia, and *Sol. Joseph P. Mizzell, Jr.,* Orangeburg, *for respondent.*

Heard March 4, 1991.

Decided April 8, 1991.

GREGORY, Chief Justice:

Appellant was convicted of trafficking in cocaine under S.C. Code Ann. § 44-53-370(e)(2)(a) (Supp. 1990) for an amount between ten and twenty-eight grams. He was sentenced to ten years imprisonment and fined $25,000. We affirm.

On October 10, 1989, State Law Enforcement Division (SLED) agents McCraw and Aycock participated in an undercover operation to purchase cocaine from appellant. Both agents testified that they paid appellant $1,200 for one ounce of cocaine.[1] Although they did not know him by the name "Archie," both agents were positive in their identification of appellant as the man who sold them the cocaine. Willie Butler, a long-time friend of appellant, was also present at the sale and corroborated the agents' testimony. Appellant took the stand and denied he ever sold cocaine to anyone.

At trial, appellant moved to exclude tape recordings made from a body transmitter carried by Agent Mc-Craw during the drug transaction. He objected to the taped conversations between the agents and the two go-betweens, Butler and Jessie Glover, and between the agents and appellant himself, regarding negotiations for a future sale of a kilo of cocaine on the following Wednesday. Appellant argues he was unfairly prejudiced by the admission of this evidence which indicated he was dealing in large amounts of cocaine in contrast to the one ounce sale for which he was being tried.[2]

The trial judge ruled evidence of the kilo sale conversations was admissible under *State v. Lyle,* 125 S.C. 406, 118 S.E. 803 (1923), as evidence of motive, intent, or a common scheme or plan. Even if this evidence is admissible under *Lyle,* however,

---

[1] The actual amount sold was 27.59 grams, slightly less than an ounce.

[2] Appellant also complains the conversations were hearsay. Both agents, Butler, and appellant testified and were available for cross-examination, thus removing any hearsay objection. State v. Caldwell, 283 S.C. 350, 322 S.E. (2d) 662 (1984).

its probative value must outweigh the danger of its undue prejudicial effect. *State v. Douglas,* — S.C. —, 397 S.E. (2d) 98 (1990); *State v. Johnson,* 293 S.C. 321, 360 S.E. (2d) 317 (1987).

We agree with appellant the prejudicial effect of this evidence exceeded its probative value. Identity of the seller was the only contested issue in this case and evidence of the conversations that were held with the seller contemporaneously with the one ounce sale is not probative on this issue. In this case, however, three eyewitnesses testified at trial and positively identified appellant as the seller. In light of the overwhelming evidence of appellant's guilt, we find any error harmless beyond a reasonable doubt. *State v. Kinner,* — S.C. —, 391 S.E. (2d) 251 (1990); *State v. Gathers,* 295 S.C. 476, 369 S.E. (2d) 140 (1988).

Appellant also contends he should have been sentenced under S.C. Code Ann. § 44-53-420 (1985) which provides that a person convicted of conspiracy be sentenced to one-half of conspiracy be sentenced to one-half of the penalty provided for the planned offense. Appellant argues the amendment to § 44-53-370(e) excepting it from this provision is invalid because the subject of the amendment was not properly set out in its title as required by S.C. Const. art. III, § 17.

No objection to sentencing was raised at trial and this issue is not properly before the court. *State v. Shumate,* 276 S.C. 46, 275 S.E. (2d) 288 (1981). In any event, § 44-53-420 does not apply here. Appellant was not convicted of conspiracy to sell cocaine. Based on the evidence of an actual sale, he was convicted of trafficking in cocaine and is not entitled to be sentenced for conspiracy only.

The judgment of the circuit court is

Affirmed.

HARWELL, CHANDLER and FINNEY, JJ., and BRUCE LITTLEJOHN, Acting Associate Justice, concur.