643 S.E.2d 92

**The STATE, Respondent,**

v.

**Cornelius GOVAN, Appellant.**

**No. 4211.**

Court of Appeals of South Carolina.

Heard Jan. 9, 2007.

Filed Feb. 26, 2007.

Rehearing Denied April 19, 2007.

554

Appellate Defender Aileen P. Clare, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney Salley W. Elliott, Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor I. McDuffie Stone, III, of Beaufort, for Respondent.

SHORT, J.:

Cornelius Govan appeals his armed robbery conviction. He argues the trial court erred in denying his motions to suppress both his show-up identification as unduly suggestive and unreliable and the resulting in-court identification as tainted by the prior suggestive show-up. We affirm.

## FACTS

On December 29, 2004, the House of Tang Restaurant (Restaurant) was robbed at gunpoint. The owner of the Restaurant, Yin Lin, stated that a black guy in a long black jacket and black hat (or rag) entered the Restaurant, held a gun in my hair, and demanded money from the cash register. Lin put the money from the register into a bag, and the robber fled on a bicycle with one thousand twenty-four dollars.

Yu Chen, a second Restaurant employee, was eating with Lin at the time of the robbery. Chen corroborated the

information provided by Lin. When the robber fled on a bicycle, Chen ran outside and followed him in Lin's car. While following the robber, Chen hit the bicycle with the car, and then both the robber and Chen left the scene on foot.

Approximately forty-five minutes after the robbery, the police arrested a man fitting the description provided by the Restaurant employees. This man, later identified as Govan, dropped a brown paper bag when he saw the police and attempted to flee. The police located the bag, which contained the same amount of money as was stolen from the Restaurant, and allowed a police dog to pick up a scent off the bag. The police dog then led the police to Govan who was hiding in a ditch. When the police took Govan into custody, they found a gun in his possession.

The police held Govan in custody and brought Lin to identify him as the robber. While Govan stood outside a police vehicle, Lin identified him from inside a second police vehicle.

A Beaufort County grand jury indicted Govan for armed robbery. At trial, the jury convicted Govan of armed robbery, and the trial court sentenced him to twenty-six years imprisonment. This appeal followed.

## STANDARD OF REVIEW

In criminal cases, the appellate court sits to review errors of law only. *State v. Wilson,* 345 S.C. 1, 5, 545 S.E.2d 827, 829 (2001). The decision to admit an eyewitness identification is in the trial judge's discretion and will not be disturbed on appeal absent an abuse of that discretion, or the commission of prejudicial legal error. *State v. Brown,* 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct.App.2003); *see also State v. Mansfield,* 343 S.C. 66, 77, 538 S.E.2d 257, 263 (Ct.App.2000) (admissibility of evidence is within the sound discretion of trial judge; evidentiary rulings of trial court will not be reversed on appeal absent abuse of discretion or commission of legal error prejudicing the defendant).

## LAW/ANALYSIS

### I. Preservation

We first note Respondent calls into question the preservation of Govan's issue on appeal. Govan's attorney moved

*in limine* to suppress the identifications of his client, and this motion was denied. However, he did not object when the initial witness following opening statements presented the identifications to the jury.

A defendant must object to an in-court identification to properly preserve the issue for appeal. *State v. Carlson,* 363 S.C. 586, 597, 611 S.E.2d 283, 288 (Ct.App.2005). Normally, a motion *in limine* to exclude evidence made at the beginning of trial does not preserve the issue for appellate review because a motion *in limine* is not a final determination. *State v. Forrester,* 343 S.C. 637, 642, 541 S.E.2d 837, 840 (2001). The moving party, therefore, must make a contemporaneous objection when the evidence is introduced. *Id.*

However, where a judge makes a ruling on the admission of evidence on the record immediately prior to the introduction of the evidence in question, the aggrieved party does not need to renew the objection. *Id.* The issue is preserved:

> Because no evidence was presented between the ruling and [the] testimony, there was no basis for the trial court to change its ruling. Thus, ... [the] motion was not a motion in limine. The trial court's ruling in this instance was in no way preliminary, but to the contrary, was a final ruling. Accordingly, [the defendant] was not required to renew her objection to the admission of the testimony in order to preserve the issue for appeal.

*Id.* (Quoting *State v. Mueller,* 319 S.C. 266, 268–69, 460 S.E.2d 409, 410–11 (Ct.App.1995)).

The circumstances in *Forrester* are virtually identical to the circumstances in this matter. A motion *in limine* to exclude evidence was made to and denied by the trial court. Opening arguments followed, and during the testimony of the first witness, the evidence in question was introduced before the jury and no objection was made. The *Forrester* court found that since no evidence was entered between the trial court's ruling and the admission of the evidence, there was no opportunity for the court to change its ruling. *Forrester,* 343 S.C.

at 642–43, 541 S.E.2d at 840. The *Forrester* court held Forrester did not need to renew his objection to preserve the issue for appellate review. *Id.* at 643, 541 S.E.2d at 840. In light of this binding precedent, we find Govan's argument regarding the admission of identifications is preserved for our review.

## II. Admission of Evidence

Govan contends the trial court erred in denying his motions to suppress both his show-up identification as unduly suggestive and unreliable and the resulting in-court identification as tainted by the prior suggestive show-up. We disagree.

A criminal defendant may be deprived of due process of law through an identification procedure that is unnecessarily suggestive and conducive to irreparable mistaken identification. *Brown*, 356 S.C. at 502, 589 S.E.2d at 784. The in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a significantly substantial likelihood of irreparable misidentification. *Id.* at 502–03, 589 S.E.2d at 784.

> The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification.[1] First, a court must ascertain whether the identification process was unduly suggestive. The court must next decide whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed ... Only if [the procedure] was suggestive need the court consider the second question—whether there was a substantial likelihood of irreparable misidentification.

*Id.* at 503, 589 S.E.2d at 784 (citations omitted). The query posited is whether under the totality of the circumstances the identification was reliable even though the confrontation procedure may have been suggestive. *Carlson*, 363 S.C. at 599, 611 S.E.2d at 290.

Notwithstanding the inherent suggestiveness and general disfavoring of one-on-one show-up identifications, they may be proper where they occur shortly after the alleged crime, near the scene of the crime, as the witness's memory is

---

1. *See Neil v. Biggers*, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).

still fresh, where the suspect has not had time to alter his looks or dispose of evidence, and the show-up may expedite the release of innocent suspects and enable the police to determine whether to continue searching. *Brown*, 356 S.C. at 503–04, 589 S.E.2d at 785.

In the case at hand, the show-up occurred within forty-five minutes of the robbery and was held near the scene of the crime when the witness's memory was still fresh, and the suspect was wearing clothing consistent with the clothing described by the witnesses at the time of the crime. Since one officer observed Govan drop the paper bag full of money and Govan was still in possession of his gun when he was apprehended, it would appear he had not had enough time to dispose of evidence. We find that although this show-up was suggestive, it was not unduly suggestive under the above noted test.[2]

Even were we to find the show-up to be unduly suggestive, Govan's attempt to exclude the in-court identification would fail under an analysis of the second prong of the test developed by the U.S. Supreme Court in *Biggers*. The in-court identification is admissible if the state can prove by clear and convincing evidence that the identification is reliable based on information independent of the out-of-court procedure. *Carlson*, 363 S.C. at 600, 611 S.E.2d at 290.

> To determine whether an identification is reliable, it is necessary to consider the following factors: (1) the opportunity of the witness to view the criminal at the time of the crime; (2) the witness's degree of attention; (3) the accuracy of the witness's prior description of the criminal; (4) the level of certainty demonstrated by the witness at the confrontation; and (5) the amount of time between the crime and the confrontation.

*Brown*, 356 S.C. at 504, 589 S.E.2d at 785.

The Restaurant employees viewed the robber in a well lit building. Lin was immediately next to and in direct contact

---

**2.** Lin testified at trial that the police told her that they had caught the man who robbed her, and they needed her to come identify him (though her difficulty with the English language and the use of an interpreter may have played a role in this statement). However, the officer denied making this statement, and we yield to the trial court on issues of credibility.

with the robber for the duration of the robbery as he held her by the arm and put a gun to her head. Lin had significant opportunity to view the robber at a time when her attention would have been heightened. Govan's appearance at the time of the show-up was consistent with Lin's prior description of him, and Lin stated that she was certain Govan was the man who robbed her. Again, the show-up occurred within forty-five minutes of the robbery. Therefore, we find Lin's in-court identification of Govan was reliable independent of the show-up identification. We find no abuse of discretion by the trial court in it's denial of Govan's motion to exclude both the show-up and in-court identifications.

## CONCLUSION

We find Govan's issue on appeal to be preserved for our review, but to be without merit. We find the show-up identification was not unduly suggestive, but even if it were, the in-court identification of Govan would be reliable based on a source independent of the show-up. Based on the foregoing, Govan's conviction is

**AFFIRMED.**

GOOLSBY, J., and STILWELL, J., concur.