THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Supreme Court

 
 
 
 Rodney A.
 Barner, Petitioner,
 v.
 State of South Carolina, Respondent.
 
 
 

ON WRIT OF CERTIORARI

Appeal From Horry County
Steven H. John, Trial Judge
Benjamin H. Culbertson, Post-Conviction
 Judge
Memorandum Opinion No. 2009-MO-028
Submitted June 10, 2009  Filed June 15,
 2009          
AFFIRMED

 
 
 
 Appellate Defender Kathrine H. Hudgins, South Carolina Commission
 on Indigent Defense, Division of Appellate Defense, of Columbia, for
 Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, and
 Assistant Attorney General Christina J. Catoe, all of Columbia, for Respondent.
 
 
 

PER
 CURIAM:  Petitioner seeks
 a writ of certiorari from the denial of his application for post-conviction
 relief (PCR).  
We
 deny the petition as to petitioners Question 2.  
Because
 there is sufficient evidence to support the PCR judges finding that petitioner
 did not knowingly and intelligently waive his right to a direct appeal, we
 grant certiorari on petitioners Question 1, dispense with further briefing, and
 proceed with a review of the direct appeal issue pursuant to Davis v. State,
 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioners
 conviction and sentence are affirmed pursuant to Rule 220(b)(1), SCACR, and the
 following authorities: State v. Curtis, 356 S.C. 622, 591 S.E.2d 600
 (2004) (a contemporaneous objection is required to preserve an
 error for appellate review); State v. Tucker, 324
 S.C. 155, 478 S.E.2d 260 (1996) (where the trial judge
 denies a motion for mistrial and the defendant refuses the offer for a curative
 instruction, the defendant waives the issue on appeal); and State v. Garner,
 304 S.C. 220, 403 S.E.2d 631 (1991)(an error in the admission of evidence is
 harmless where there is overwhelming evidence of a defendants guilt).  

AFFIRMED.
TOAL,
 C.J., WALLER, PLEICONES, BEATTY and KITTREDGE, JJ., concur.