THIS OPINION HAS NO PRECEDENTIAL VALUE. 
 IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS
 PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF
 SOUTH CAROLINA
In The Court
 of Appeals

 
 
 
 The State, Respondent,
 v.
 Eric John Ridel, Appellant.
 
 
 

Appeal From
 Sumter County
George C.
 James, Jr., Circuit Court Judge
Unpublished Opinion
 No. 2009-UP-434
Heard September
 1, 2009  Filed September 9, 2009
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster,  Chief Deputy
 Attorney General John W. McIntosh,  Assistant Deputy Attorney General Donald J.
 Zelenka, Assistant Attorney General Melody J. Brown, all of Columbia; and
 Solicitor C. Kelly Jackson, of Sumter, for Respondent.
 
 
 

PER CURIAM:  In this criminal matter, Eric John Ridel appeals
 his convictions and sentences for murder and failure to stop for a blue light
 resulting in death.  On appeal, Ridel asserts the trial court committed reversible
 error in: (1) admitting testimony that the victim had died and burned in the
 car; (2) allowing the State to replay a dispatch audio tape; (3) admitting additional
 photographs of the burned patrol car when nine photographs were already
 admitted into evidence; and (4) admitting evidence related to the dismantling
 of the burned patrol car.  
We affirm pursuant to Rule 220(b)(2), SCACR, and the
 following authorities:  Issue 1: State v. Freiburger, 366 S.C. 125, 134,
 620 S.E.2d 737, 741 (2005) (holding an issue is not preserved when one ground
 is raised to the trial court and another ground raised on appeal); State v.
 Haselden, 353 S.C. 190, 197, 577 S.E.2d 445, 448-49 (2003) (finding
 admission of improper evidence is harmless where the evidence is merely
 cumulative); Issue 2: State v. Holder, 382 S.C. 278, 289, 676 S.E.2d
 690, 696 (2009) (holding the erroneous admission of evidence is harmless where,
 in view of the record as a whole, the impact of the evidence was minimal and
 the evidence was cumulative to other evidence admitted without objection); State
 v. Garner, 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (holding any error
 in the admission of evidence was harmless in light of the overwhelming evidence
 of guilt); Issue 3: State v. Nichols, 325 S.C. 111, 121-22, 481 S.E.2d
 118, 124 (1997) (upholding the admission of photographs on the ground they were
 not unduly gruesome nor prejudicial considering the facts and the material
 purpose for their introduction); State v. Schumpert, 312 S.C. 502, 507,
 435 S.E.2d 859, 862 (1993) (holding any error in the admission of evidence that
 is merely cumulative is harmless); Issue 4: State v. Pagan, 369 S.C.
 201, 212, 631 S.E.2d 262, 267-68 (2006) (finding harmless error where
 erroneously admitted testimony had minimal impact and other evidence
 established guilt beyond a reasonable doubt).
AFFIRMED.
HUFF, THOMAS, and PIEPER, JJ., concur.