THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 
 Bennie Lee
 Wyatt, Petitioner,
 
 
 
 
 

v.

 
 
 
 
 State of South
 Carolina, Respondent.
 
 
 
 
 

Appeal From Spartanburg County
Kenneth G. Goode, Circuit Court Judge

Unpublished Opinion No. 2011-UP-013.
 Submitted January 4, 2011  Filed January
24, 2011  

AFFIRMED

 
 
 
 Appellate Defender M. Celia Robinson, of Columbia, for Petitioner.
 Attorney General Henry Dargan McMaster, Chief Deputy
 Attorney John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,
 and Assistant Attorney General Michelle
 Parsons Kelley, all of Columbia; and
 Solicitor Harold W. Gowdy, III, of Spartanburg, for Respondent. 
 
 
 

PER CURIAM:  Petitioner
 seeks a writ of certiorari from the denial of his application for
 post-conviction relief (PCR).  
Because there is
 sufficient evidence to support the PCR judge's finding that petitioner did not
 knowingly and intelligently waive his right to a direct appeal, we grant
 certiorari and proceed with a review of the direct appeal issue pursuant to Davis
 v. State, 288 S.C. 290, 290, 342 S.E.2d 60, 60 (1986).  
Petitioner appeals his
 convictions for second-degree criminal sexual conduct (CSC) and lewd act on a
 child, arguing the trial court erred in: (1) precluding the defense from
 questioning witnesses about the victim's similar accusations against another
 man and (2) denying his directed verdict motion.  We affirm.[1]  
First, Petitioner did not
 present any evidence at trial relating to the victim's allegations against another
 man, and the trial court never ruled on the issue.   Accordingly, this issue
 was not preserved for review by this court.  See State v. Govan,
 372 S.C. 552, 557, 643 S.E.2d 92, 94 (Ct. App. 2007) ("[A] motion in
 limine to exclude evidence made at the beginning of trial does not preserve
 the issue for appellate review because a motion in limine is not a final
 determination."); State v. Rice, 375 S.C. 302, 322-23, 652 S.E.2d
 409, 419 (Ct. App. 2007) ("Unless an objection is made at the time the
 evidence is offered and a final ruling made, the issue is not preserved for
 review.") (citation omitted).    
Second, Petitioner contends
 the trial court erred in denying his directed verdict motion, arguing the State
 relied on the victim's testimony and the victim recanted her allegations
 against Petitioner.  Viewing the evidence in the light most favorable to the
 State, the evidence supports submitting the case to the jury.  The State relied
 on evidence other than the victim's own testimony in meeting the elements of second-degree
 CSC.  Specifically, Investigator Diane Lestage testified at trial regarding the
 contents of two written statements Petitioner gave to police, stating Petitioner
 admitted in the written statements he touched his daughter's breasts and
 vaginal area and his daughter "pulled his shorts down and pulled out his
 penis."  State v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006)
 ("If there is any direct evidence or any substantial circumstantial
 evidence reasonably tending to prove the guilt of the accused, the [appellate
 court] must find the case was properly submitted to the jury."). 
 Accordingly, because evidence exists to support the trial court's decision to
 submit the case to the jury, the trial court did not err in denying
 Petitioner's directed verdict motion.
AFFIRMED.
THOMAS, PIEPER, and
 GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.