**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent.

v.

Tarrence Jordan, Appellant.

Appellate Case No. 2010-159986

Appeal From Florence County
Ralph King Anderson, Jr., Special Circuit Court Judge

Memorandum Opinion No. 2012-UP-537
Heard September 12, 2012 – Filed October 3, 2012

**AFFIRMED**

LaNelle Cantey DuRant, of Columbia, for Appellant Tarrence Jordan.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, Senior Assistant Deputy Attorney General Salley W. Elliott, Assistant Deputy Attorney General David A. Spencer, and Assistant Attorney General Mark Reynolds Farthing, all of Columbia, for Respondent State of South Carolina.

**PER CURIAM:**  Tarrence Jordan appeals his convictions and sentences for five counts of armed robbery and three counts each of kidnapping, first-degree burglary, and the possession of a weapon during the commission of a violent crime.  He argues the trial court erred in (1) admitting an eyewitness's identifications of him and (2) denying his motion to reconsider his sentences.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.     As to the eyewitness identifications: *State v. Wilson*, 345 S.C. 1, 5-6, 545 S.E.2d 827, 829 (2001) (recognizing in criminal cases, the appellate court sits to review errors of law only and is bound by the factual findings of the trial court unless clearly erroneous); *State v. Gillian*, 373 S.C. 601, 613, 646 S.E.2d 872, 878 (2007) (holding the admission or exclusion of evidence is a matter within the trial court's sound discretion, and an appellate court may disturb a ruling admitting or excluding evidence only upon a showing of a manifest abuse of discretion accompanied by probable prejudice); *State v. Traylor*, 360 S.C. 74, 81, 600 S.E.2d 523, 526 (2004) (stating an identification procedure arranged by police "which is unnecessarily suggestive and conducive to irreparable mistaken identification" may deprive a criminal defendant of due process of law; therefore, "[a]n in-court identification of an accused is inadmissible if a suggestive out-of-court identification procedure created a very substantial likelihood of irreparable misidentification"); *Neil v. Biggers*, 409 U.S. 188, 199, 93 S. Ct. 375, 382 (1972)[1] (holding whether a witness's identification of an accused was so suggestive as to be unreliable requires the court to examine the totality of the circumstances, including "the opportunity of the witness to view the criminal at the time of the crime, the witness'[s] degree of attention, the accuracy of the witness'[s] prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation"); *State v. Govan*, 372 S.C. 552, 558-59, 643 S.E.2d 92, 95 (Ct. App. 2007) (upholding show-up identifications that occur "shortly after the alleged crime, near the scene of the crime, as the witness's memory is still fresh, where the suspect has

---

[1] We decline Jordan's invitation to discard the *Biggers* test, noting both the United States Supreme Court and the South Carolina Supreme Court recently issued opinions reinforcing the validity and usefulness of that test.  *See Perry v. New Hampshire*, 132 S. Ct. 716, 730 (2012) (holding the trial court's failure to conduct a complete *Biggers* hearing "did not render . . . trial fundamentally unfair"); *State v. Liverman*, 398 S.C. 130, 138-39, 727 S.E.2d 422, 426 (2012) (requiring *Biggers* hearing even when eyewitness knows defendant very well).

not had time to alter his looks or dispose of evidence, and [when] the show-up may expedite the release of innocent suspects and enable the police to determine whether to continue searching"); *State v. Simmons*, 384 S.C. 145, 172, 682 S.E.2d 19, 33 (Ct. App. 2009) (noting identification evidence may be harmless when it is cumulative to overwhelming evidence of guilt).

2.    As to Jordan's motion to reconsider: *State v. Garner*, 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (recognizing when an appellant fails to object to his sentence at the time of its imposition, he waives the issue on appeal); Rule 29, SCRCrimP (providing parties to criminal actions may file post-trial motions within ten days after the trial court imposes a sentence); *State v. Hamilton*, 333 S.C. 642, 648, 511 S.E.2d 94, 97 (Ct. App. 1999) ("[I]t is improper to argue new matter in a motion for reconsideration.").

**AFFIRMED.**

**HUFF and THOMAS, JJ., and CURETON, A.J., concur.**