**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Clarence J. Fishburne, Appellant.

Appellate Case No. 2011-203366

---

Appeal From Berkeley County
Kristi Lea Harrington, Circuit Court Judge

---

Unpublished Opinion No. 2014-UP-133
Submitted January 1, 2014 – Filed April 2, 2014

---

**AFFIRMED**

---

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

---

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Brown*, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003) ("Generally, the decision to admit an eyewitness identification is in the trial

[court's] discretion and will not be disturbed on appeal absent an abuse of discretion, or the commission of prejudicial legal error."); *State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 696 (2007) ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification."); *id.* (stating the first prong of the inquiry is "whether the identification process was unduly suggestive"); *State v. Moore*, 343 S.C. 282, 287, 540 S.E.2d 445, 447-48 (2000) ("Only if [the procedure] was suggestive need the court consider the second question—whether there was a substantial likelihood of irreparable misidentification." (alteration by court) (internal quotation marks omitted)); *Gibbs v. State*, 403 S.C. 484, 494, 744 S.E.2d 170, 175 (2013) ("[C]ourts have deemed a show[]up procedure proper where it occurs shortly after the alleged crime, near the scene of the crime, as the witness'[s] memory is still fresh, and the suspect has not had time to alter his looks or dispose of evidence, and the showup may expedite the release of innocent suspects, and enable the police to determine whether to continue searching." (internal quotation marks omitted)); *Brown*, 356 S.C. at 504, 589 S.E.2d at 785 ("The closer in time and place to the scene of the crime, the less objectionable is a showup."); *id.* ("A show[]up may be proper even though the police refer to the suspect as a suspect, and even though the suspect is handcuffed or is in the presence of the police."); *State v. Govan*, 372 S.C. 552, 559, 643 S.E.2d 92, 95 (Ct. App. 2007) (holding a showup was not unduly suggestive when it occurred forty-five minutes after a robbery, it took place near the scene of the robbery, the suspect fit the description given by the victim, and the suspect was found with a bag of money and a gun).

**AFFIRMED.**[1]

**FEW, C.J., and SHORT and KONDUROS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.