**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Christopher Jerome Shippy, Appellant.

Appellate Case No. 2011-197607

---

Appeal From Spartanburg County
Roger L. Couch, Circuit Court Judge

---

Unpublished Opinion No. 2015-UP-043
Heard November 4, 2014 – Filed January 28, 2015

---

**AFFIRMED**

---

Appellate Defender Susan Barber Hackett, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy Attorney General John W. McIntosh, and Senior Assistant Deputy Attorney General Salley W. Elliott, all of Columbia; and Solicitor Barry Barnette, of Spartanburg, for Respondent.

---

**PER CURIAM:** Christopher Jerome Shippy was convicted of malicious injury to personal property, third offense, and sentenced to ten years' imprisonment, suspended to six years' imprisonment and four years' probation. On appeal, Shippy argues the trial court erred in admitting an in-court identification of him. We affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Govan*, 372 S.C. 552, 556, 643 S.E.2d 92, 94 (Ct. App. 2007) ("The decision to admit an eyewitness identification is in the trial judge's discretion and will not be disturbed on appeal absent an abuse of that discretion, or the commission of prejudicial legal error."); *State v. Singleton*, 395 S.C. 6, 14, 716 S.E.2d 332, 336 (Ct. App. 2011) (explaining that in the two-pronged inquiry to determine the admissibility of an out-of-court identification, the court first ascertains "whether the identification process was unduly suggestive" and, if it was, "whether the . . . identification was nevertheless so reliable that no substantial likelihood of misidentification existed."); *id.* (noting the inquiry focuses on whether there was a substantial likelihood of irreparable misidentification); *State v. Stewart*, 275 S.C. 447, 450, 272 S.E.2d 628, 629 (1980) ("The factors considered in determining the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness's degree of attention, the accuracy of the witness's prior description of the criminal, the level of certainty demonstrated at the confrontation and the time between the crime and the confrontation."); *State v. Carlson*, 363 S.C. 586, 599-600, 611 S.E.2d 283, 290 (Ct. App. 2005) ("A conviction based on a suggestive pretrial photographic lineup and a subsequent in-court identification will be set aside only if the 'the photographic identification procedure was so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification.'" (quoting *Simmons v. United States*, 390 U.S. 377, 384 (1968))).

**AFFIRMED.**

**HUFF, SHORT, and KONDUROS, JJ., concur.**