**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Supreme Court**

Amy Renee Lane, Petitioner,

v.

State of South Carolina, Respondent.

Appellate Case No. 2016-002403
Lower Court Case No. 2015-CP-38-00708

––––––––––––

Appeal From Orangeburg County
The Honorable Edgar W. Dickson, Plea Judge
The Honorable Benjamin H. Culbertson, Post-Conviction
Relief Judge

––––––––––––

Memorandum Opinion No. 2018-MO-023
Submitted May 2, 2018 – Filed May 30, 2018

––––––––––––

**AFFIRMED**

––––––––––––

Deputy Chief Appellate Defender Wanda H. Carter, of
Columbia, for Petitioner.

Attorney General Alan McCrory Wilson and Assistant
Attorney General Ruston Wesley Neely, both of
Columbia, for Respondent.

––––––––––––

**PER CURIAM:** Petitioner seeks a writ of certiorari from the denial of her application for post-conviction relief (PCR). Because there is sufficient evidence to support the PCR judge's finding that petitioner did not knowingly and intelligently waive her right to a direct appeal, we grant certiorari, dispense with further briefing, and proceed with a review of the direct appeal issue pursuant to *Davis v. State*, 288 S.C. 290, 342 S.E.2d 60 (1986).

Petitioner's conviction and sentence are affirmed pursuant to Rule 220(b)(1), SCACR, and the following authorities: *S.C. Code Ann.* § 16-11-330(A) (2015) (a person convicted of armed robbery must be imprisoned for a mandatory minimum term of not less than ten years); *State v. Garner*, 304 S.C. 220, 222, 403 S.E.2d 631, 632 (1991) (where no objection to sentencing was raised at trial, any alleged error in sentencing is not properly before the Supreme Court on appeal); *State v. Jeffcoat*, 279 S.C. 167, 171, 303 S.E.2d 855, 857 (1983) (the appellate court will not disturb a sentence within statutory limits absent a showing of prejudice); *State v. Bolin*, 209 S.C. 108, 111, 39 S.E.2d 197, 198 (1946) (the Supreme Court will not correct a sentence alleged to be excessive when it is within the limits prescribed by law unless partiality, prejudice, oppression, or corrupt motive is shown).

 **AFFIRMED.**

**BEATTY, C.J., KITTREDGE, HEARN, FEW and JAMES, JJ., concur.**