**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Corey Andrew Brown, Appellant.

Appellate Case No. 2016-001536

Appeal From Spartanburg County
R. Keith Kelly, Circuit Court Judge

Unpublished Opinion No. 2018-UP-391
Submitted September 1, 2018 – Filed October 24, 2018

**AFFIRMED**

Deputy Chief Appellate Defender Wanda H. Carter, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia; and Solicitor Barry Joe Barnette, of Spartanburg, all for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Govan*, 372 S.C. 552, 556, 643 S.E.2d 92, 94 (Ct. App. 2007)

("The decision to admit an eyewitness identification is in the trial [court's] discretion and will not be disturbed on appeal absent an abuse of that discretion, or the commission of prejudicial legal error."); *Neil v. Biggers*, 409 U.S. 188, 198-99 (1972) (setting forth a two-part inquiry to determine the admissibility of an out-of-court identification: first, a court must determine whether the identification process was unduly suggestive; next, it must determine whether the identification, under the totality of the circumstances, was nevertheless reliable such that there was no substantial likelihood of misidentification); *State v. Wyatt*, 421 S.C. 306, 310, 806 S.E.2d 708, 710 (2017) ("The Supreme Court of the United States has repeatedly emphasized 'that due process concerns arise only when law enforcement officers use an identification procedure that is both suggestive and unnecessary.'" (quoting *Perry v. New Hampshire*, 565 U.S. 228, 238-39 (2012))); *State v. Dukes*, 404 S.C. 553, 557-58, 745 S.E.2d 137, 139 (Ct. App. 2013) ("If the court finds the identification did not result from impermissibly suggestive police procedures, the inquiry ends there and the court does not need to consider the second prong."); *State v. Tisdale*, 338 S.C. 607, 612, 527 S.E.2d 389, 392 (Ct. App. 2000) ("Although the reliability of an identification may be affected by media identification, no police deterrence would be achieved by excluding evidence where there has been no governmental involvement. Thus we hold that the *Neil* analysis is inapplicable where there is a nongovernmental identification source.").

**AFFIRMED.**[1]

**KONDUROS, MCDONALD, and HILL, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.