**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

David Crockett Robinson, Appellant.

Appellate Case No. 2021-001039

———————————

Appeal From Charleston County
R. Ferrell Cothran, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2023-UP-384
Submitted November 1, 2023 – Filed December 6, 2023

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Senior
Assistant Attorney General David A. Spencer, and Senior
Assistant Attorney General Mark Reynolds Farthing, all
of Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, all for Respondent.

———————————

**PER CURIAM:** David Crockett Robinson appeals his convictions for armed robbery and possession of a weapon during the commission of a violent crime and

concurrent sentences of twenty-seven years' imprisonment and five years' imprisonment, respectively. On appeal, Robinson argues the trial court erred by (1) admitting the victim's show-up identification and (2) failing to allow Robinson to re-cross-examine the victim during a pretrial hearing. We affirm pursuant to Rule 220(b), SCACR.

1. We hold the trial court did not abuse its discretion in admitting evidence of the victim's out-of-court identification. *See State v. Brown*, 356 S.C. 496, 502, 589 S.E.2d 781, 784 (Ct. App. 2003) ("Generally, the decision to admit an eyewitness identification is in the trial judge's discretion and will not be disturbed on appeal absent an abuse of discretion, or the commission of prejudicial legal error."); *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); *Brown*, 356 S.C. at 503, 589 S.E.2d at 784 ("The United States Supreme Court has developed a two-prong inquiry to determine the admissibility of an out-of-court identification. First, a court must ascertain whether the identification process was unduly suggestive.") (citations omitted)); *State v. Moore*, 343 S.C. 282, 286, 540 S.E.2d 445, 447 (2000) ("A criminal defendant may be deprived of due process of law by an identification procedure which is unnecessarily suggestive and conducive to irreparable mistaken identification"); *id.* at 287, 540 S.E.2d at 448 ("Single person show-ups are particularly disfavored in the law."); *State v. Govan*, 372 S.C. 552, 558-59, 643 S.E.2d 92, 95 (Ct. App. 2007) ("Notwithstanding the inherent suggestiveness and general disfavoring of one-on-one show-up identifications, they may be proper where they occur shortly after the alleged crime, near the scene of the crime, as the witness's memory is still fresh, where the suspect has not had time to alter his looks or dispose of evidence, and the show-up may expedite the release of innocent suspects and enable the police to determine whether to continue searching."). Here, using a show-up identification was proper under the circumstances because it was less than an hour from when the crime occurred, near the scene of the crime, and the incident was still fresh in the victim's mind. This allowed police to quickly determine whether they had the right individual and if not, set him free. Further, they found the victim's phone on Robinson when they detained him, and his clothes and appearance matched the victim's earlier description. *See Govan*, 372 S.C. 552, 559, 643 S.E.2d 92, 95 (Ct. App. 2007) (finding a show-up identification was not unduly suggestive when "the show-up occurred within forty-five minutes of the robbery and was held near the scene of the crime when the witness's memory was still fresh, and the suspect was wearing clothing consistent with the clothing described by the witness[] . . ."). Further, we find the trial court properly found the identification was reliable and posed no substantial likelihood of irreparable

misidentification.  *See Brown*, 356 S.C. at 503, 589 S.E.2d at 784 ("The court must next decide whether the out-of-court identification was nevertheless so reliable that no substantial likelihood of misidentification existed."); *Moore*, 343 S.C. at 287, 540 S.E.2d at 448 ("Although one-on-one show-ups have been sharply criticized, and are inherently suggestive, the identification need not be excluded as long as under all the circumstances the identification was reliable notwithstanding any suggestive procedure.  [The] inquiry, therefore, must focus upon whether, under the totality of the circumstances, there was a substantial likelihood of irreparable misidentification.") (alteration in original) (quoting *Jefferson v. State*, 425 S.E.2d 915, 918 (1992))); *State v. Spears*, 393 S.C. 466, 479-80, 713 S.E.2d 324, 331 (Ct. App.)(2011) ("The following factors are to be considered in evaluating the totality of the circumstances when determining the likelihood of misidentification: (1) the witness's opportunity to view the perpetrator at the time of the crime, (2) the witness's degree of attention, (3) the accuracy of the witness's prior description of the perpetrator, (4) the level of certainty demonstrated by the witness at the confrontation, and (5) the length of time between the crime and the confrontation.") (quoting *State v. Turner*, 373 S.C. 121, 127, 644 S.E.2d 693, 696-97 (2007)).  Here, the robbery occurred during the daytime and the victim was able to see the robber from close range; the victim testified she had a "good view of the [perpetrator]'s face" during the robbery and was able to note distinguishing features including his height, race, gender, and a distinct mark on his cheek despite half his face being obscured by a bandana; the victim's prior description was accurate; the victim confirmed the characteristics of the man detained matched the robber and she was confident they were the same person, although she could not see the mark on his cheek from inside the police car; the victim testified she was very focused during the identification; and the identification took place within an hour of the robbery.

2. We hold the trial court did not abuse its discretion in refusing to allow Robinson an opportunity to re-cross-examine the victim because new matter was not introduced on redirect examination.  *See Liberty Mut. Ins. Co. v. Gould,* 266 S.C. 521, 533, 224 S.E.2d 715, 720 (1976) ("The right to, and scope of, recross-examination is within the sound discretion of the trial court.");  *State v. Johnson,* 338 S.C. 114, 124, 525 S.E.2d 519, 524 (2000) ("[A] trial judge may impose reasonable limits on cross-examination based upon concerns about, among other things, harassment, prejudice, confusion of the issues, witness safety, or interrogation that is repetitive or only marginally relevant.");  Rule 611(d), SCRE ("A witness may be re-examined as to the same matters to which he testified only in the discretion of the court, but without exception he may be re-examined as to any new matter brought out during cross-examination.").  The State's questions on

redirect examination were merely clarifying the victim's testimony that the officers' comments related to the track tracking of her phone and the chatter on the radio did not influence her identification.

**AFFIRMED.**[1]

**WILLIAMS, C.J., and HEWITT and VERDIN, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.