**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Randy Mitchell, Appellant.

Appellate Case No. 2012-209626

Appeal From York County
Robin B. Stilwell, Circuit Court Judge

Unpublished Opinion No. 2014-UP-104
Submitted January 1, 2014 – Filed March 12, 2014

**AFFIRMED**

Appellate Defender Benjamin John Tripp, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Mark Reynolds Farthing, both of Columbia, for Respondent.

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be

reversed absent an abuse of discretion."); *id.* ("An abuse of discretion occurs when the conclusions of the trial court either lack evidentiary support or are controlled by an error of law."); Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice . . . ."); *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 207 (Ct. App. 2008) ("A trial [court's] decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." (internal quotation marks omitted)); *State v. McDowell*, 266 S.C. 508, 515, 224 S.E.2d 889, 892 (1976) ("As a general rule, any guilty act, conduct, or statements on the part of the accused are admissible as some evidence of consciousness of guilt.").

**AFFIRMED.**[1]

**SHORT, WILLIAMS, and THOMAS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.