**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Phillip Heath Hollingsworth, Appellant.

Appellate Case No. 2014-000903

———————————

Appeal From Laurens County
Frank R. Addy, Jr., Circuit Court Judge

———————————

Unpublished Opinion No. 2016-UP-230
Submitted April 1, 2016 – Filed June 1, 2016

———————————

**AFFIRMED**

———————————

Appellate Defender Tiffany Lorraine Butler, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, Assistant
Attorney General Kaycie Smith Timmons, all of
Columbia; and Solicitor David Matthew Stumbo, of
Greenwood, for Respondent.

———————————

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: Rule 403, SCRE ("Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."); *State v. Green*, 412 S.C. 65, 79, 770 S.E.2d 424, 432 (Ct. App. 2015) ("A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in 'exceptional circumstances.'" (alteration in original) (quoting *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 207 (Ct. App. 2008))); *id.* ("A trial [court]'s balancing decision under Rule 403 should not be reversed simply because an appellate court believes it would have decided the matter otherwise because of a differing view of the highly subjective factors of the probative value or the prejudice presented by the evidence." (alteration in original) (quoting *Lyles*, 379 S.C. at 339, 665 S.E.2d at 207)); *id.* ("If judicial self-restraint is ever desirable, it is when a Rule 403[, SCRE] analysis of a trial court is reviewed by an appellate tribunal." (quoting *Lyles*, 379 S.C. at 339, 665 S.E.2d at 207)); *State v. Kelsey*, 331 S.C. 50, 76, 502 S.E.2d 63, 76 (1998) ("The relevance, materiality, and admissibility of photographs are matters within the sound discretion of the trial court. If the photographs serve to corroborate testimony, it is not an abuse of discretion to admit them."); *id.* ("A photograph should be excluded only if it is calculated to arouse the jury's sympathy or prejudice or is irrelevant or unnecessary to substantiate the facts.").

**AFFIRMED.**[1]

**SHORT and THOMAS, JJ., and CURETON, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.